**BRYAN CAVE LLP**
John W. Amberg, SBN: 108166
Shelly C. Gopaul, SBN: 246382
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Tel: (310) 576-2280
Fax: (310) 260-7180
Email: jwamberg@bryancave.com
shelly.gopaul@bryancave.com

**BRYAN CAVE LLP**
Keith Aurzada, *Pro Hac Vice Pending*
JPMorgan Chase Tower, Suite 3300
2200 Ross Avenue
Dallas, TX 75201
Tel: (214) 721-8000
Fax: (214) 721-8100
Email: keith.aurzada@bryancave.com

Attorneys for Defendant and Counterclaimant
eCLINICALWORKS, LLC

FILED
2011 JUN 17 PM 4:07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDSQUIRE, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SPRING MEDICAL SYSTEMS, INC.; QUEST DIAGNOSTICS, INC.; NEXTGEN HEALTHCARE INFORMATION SYSTEMS, INC.; HENRY SCHEIN MEDICAL SYSTEMS, INC.; HEWLETT-PACKARD COMPANY; APRIMA MEDICAL SOFTWARE, INC.; eCLINICALWORKS, LLC; MED3000, INC.; PULSE SYSTEMS, INC.; COMPULINK BUSINESS SYSTEMS, INC.; NEXTECH SYSTEMS, INC.; NAVINET, INC.; successEHS, INC.; athenaHEALTH, INC.<br><br>Defendants. | Case No. 2:11-cv-04504-JHN-PLAx<br><br>**eCLINICALWORKS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

SM01DOCS\842633.2

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO COMPLAINT
FOR PATENT INFRINGEMENT

| | |
|---|---|
| 1 | eCLINICALWORKS, LLC, |
| 2 | Counterclaimant, |
| 3 | vs. |
| 4 | MEDSQUIRE, LLC, |
| 5 | Counterclaim Defendant. |

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO COMPLAINT FOR PATENT INFRINGEMENT

## ANSWER TO MEDSQUIRE, LLC'S COMPLAINT

Defendant eClinicalWorks, LLC ("eClinicalWorks") files this Answer to the Complaint of Plaintiff Medsquire, LLC ("Plaintiff") for patent infringement, as follows:

### THE PARTIES

1. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

2. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 2 of Plaintiff's Complaint, and therefore denies the same.

3. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 3 of Plaintiff's Complaint, and therefore denies the same.

4. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 4 of Plaintiff's Complaint, and therefore denies the same.

5. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8. eClinicalWorks admits the allegations in paragraph 8 of Plaintiff's Complaint.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS\842633.2

1

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
FOR PATENT INFRINGEMENT

9. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

11. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

12. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15. eClinicalWorks is without sufficient information to form a belief as to the allegations in paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

## NATURE OF THE ACTION

16. eClinicalWorks admits that this action purports to be an action for patent infringement under Title 35 of the United States Code.

## JURISDICTION AND VENUE

17. eClinicalWorks admits that this court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. eClinicalWorks admits that it conducts business in this judicial district, but denies that it conducted any acts or transactions complained of herein. eClinicalWorks is without sufficient information to form a belief as to the remaining allegations in paragraph 18 of Plaintiff's Complaint, and therefore denies the same.

19. eClinicalWorks admits that this Court has personal jurisdiction over it because eClinical conduct continuous and systematic business in California and in this district, but eClinicalWorks denies that it has offered to sell and/or sold infringing electronic health records systems in this State and in this district. eClinicalWorks is without sufficient information to form a belief as to the remaining allegations in paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR DIRECT INFRINGEMENT OF U.S. PATENT NO. 5,682,526

20. eClinicalWorks denies the allegations in paragraph 20 of Plaintiff's Complaint. Further, eClinicalWorks incorporates herein, by reference, its responses to paragraphs 1 through 19 as though fully set forth herein.

21. eClinicalWorks admits that Exhibit A is a copy of U.S. Patent No. 5,682,526. As to the remaining allegations in paragraph 21 of Plaintiff's Complaint, eClinicalWorks believes the document speaks for itself. eClinicalWorks is without sufficient information to form a belief as to whether Plaintiff is the owner of the '526 patent and therefore denies the same.

22. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 22, and therefore denies the same.

23. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 23, and therefore denies the same.

24. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 24, and therefore denies the same.

SM01DOCS\842633.2                              3
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
FOR PATENT INFRINGEMENT

25. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 25, and therefore denies the same.

26. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 26, and therefore denies the same.

27. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 27, and therefore denies the same.

28. eClinicalWorks denies each and every allegation in paragraph 28 of the Complaint.

29. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 29, and therefore denies the same.

30. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 30, and therefore denies the same.

31. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 31, and therefore denies the same.

32. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 32, and therefore denies the same.

33. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 33, and therefore denies the same.

34. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 34, and therefore denies the same.

35. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 35, and therefore denies the same.

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR INDIRECTLY INFRINGING U.S. PATENT NO. 5,682,526

36. eClinicalWorks incorporates herein, by reference, its responses to paragraphs 1 through 35 as though fully set forth herein.

37. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 37, and therefore denies the same.

38. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 38, and therefore denies the same.

39. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 39, and therefore denies the same.

40. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 40, and therefore denies the same.

41. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 41, and therefore denies the same.

42. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 42, and therefore denies the same.

43. eClinicalWorks denies each and every allegation in paragraph 43 of the Complaint.

44. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 44, and therefore denies the same.

45. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 45, and therefore denies the same.

46. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 46, and therefore denies the same.

47. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 47, and therefore denies the same.

48. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 48, and therefore denies the same.

49. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 49, and therefore denies the same.

50. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 50, and therefore denies the same.

///

///

## THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## FOR CONTRIBUTING TO THE INFRINGEMENT OF U.S. PATENT
## NO. 5,682,526

51. eClinicalWorks incorporates herein, by reference, its responses to paragraphs 1 through 50 as though fully set forth herein.

52. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 52, and therefore denies the same.

53. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 53, and therefore denies the same.

54. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 54, and therefore denies the same.

55. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 55, and therefore denies the same.

56. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 56, and therefore denies the same.

57. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 57, and therefore denies the same.

58. eClinicalWorks denies each and every allegation in paragraph 58 of the Complaint.

59. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 59, and therefore denies the same.

60. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 60, and therefore denies the same.

61. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 61, and therefore denies the same.

62. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 62, and therefore denies the same.

63. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 63, and therefore denies the same.

64. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 64, and therefore denies the same.

65. eClinicalWorks is without information sufficient to form a belief as to the allegations in paragraph 65, and therefore denies the same.

## PRAYER FOR RELIEF

eClinicalWorks denies that Plaintiff is entitled to any of the relief that it has requested, to any other relief, or to any relief at all.

## AFFIRMATIVE DEFENSES

66. Further answering the Complaint, and as additional defenses thereto, eClinicalWorks asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise rest with Plaintiff. eClinicalWorks expressly reserves the right to amend its Answer, Affirmative Defenses and Counterclaims as additional information becomes available and/or is otherwise discovered:

## FIRST AFFIRMATIVE DEFENSE

67. Plaintiff fails to state a claim against eClinicalWorks upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

68. Upon information and belief, eClinicalWorks states that Plaintiff is wholly or partially barred from the relief that it seeks because the '526 Patent is invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

///

///

///

SM01DOCS\842633.2

7

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT

## THIRD AFFIRMATIVE DEFENSE

69. Upon information and belief, eClinicalWorks states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of waiver, equitable estoppel, laches, and/or acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

70. Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that matured into the '526 Patent, and in particular, the applicants and/or their representative(s) and/or agent's remarks, representations, concessions, amendments and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that eClinicalWorks has infringed upon any of the claims of the '526 Patent.

## FIFTH AFFIRMATIVE DEFENSE

71. Upon information and belief, Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement by eClinicalWorks of any of the claims of the '526 Patent to the extent that Plaintiff and/or any predecessor owners and/or licensees of the patents have not complied with the notice and/or marking requirements of 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

72. eClinicalWorks has not made, used, imported, offered for sale or sold in the United States, and is not making, using, importing, offering for sale, or selling any product or method which would infringe any valid and/or enforceable claim of the '526 Patent.

## SEVENTH AFFIRMATIVE DEFENSE

73. Upon information and belief, eClinicalWorks states that Plaintiff is wholly or partially barred from the relief that it seeks because the '526 Patent is invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, for one or more of

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

the following reasons, as well as others hereinafter set forth or which eClinicalWorks may hereafter discover or otherwise become informed:

(a) The alleged invention was not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent;

(c) The alleged invention was patented or described in a printed publication in this or a foreign country, or was in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent;

(e) The patentees did not themselves invent the subject matter claimed;

(f) The patentees abandoned the alleged invention;

(g) Before the alleged invention was made by the patentees, said alleged invention was made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in the '526 Patent and the prior art is such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee(s);

(j) The '526 Patent does not contain a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it, and, further, does not set forth the best mode contemplated by the alleged inventors of carrying out the alleged invention; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicants and/or patentees regard as their invention.

## EIGHTH AFFIRMATIVE DEFENSE

74. eClinicalWorks states that it has not contributed to the infringement of, and/or induced the infringement of, any valid and/or enforceable claim of the '526 Patent.

## NINTH AFFIRMATIVE DEFENSE

75. Upon information and belief, eClinicalWorks states that, by reason of prosecution history estoppel, Plaintiff is barred from asserting a claim construction that would cause any of the claims of the '526 Patent to be infringed by any products or methods made, used, offered for sale, or sold by eClinicalWorks.

## TENTH AFFIRMATIVE DEFENSE

76. eClinicalWorks denies that Plaintiff is entitled to any of the relief requested against eClinicalWorks.

## ELEVENTH AFFIRMATIVE DEFENSE

77. Any claims of the '526 Patent that may not be, *arguendo*, held invalid and/or unenforceable are so restricted in scope that eClinicalWorks has not infringed, and does not infringe, upon any such claims.

## TWELFTH AFFIRMATIVE DEFENSE

78. eClinicalWorks states that the '526 Patent and claims set forth therein are invalid as the alleged invention fails to satisfy 35 U.S.C. § 101 as the alleged invention does not transform an article and/or is not tied to a particular machine.

Moreover, any alleged involvement of a machine is merely an insignificant extrasolution activity.

### THIRTEENTH AFFIRMATIVE DEFENSE

79. eClinicalWorks states that it does not directly infringe and valid and/or enforceable claim of the '526 Patent, nor does it control or direct any direct infringer such that it has contributed to the infringement of, and/or induced the infringement of, any valid and/or enforceable claim of the '526 Patent.

WHEREFORE, eClinicalWorks denies that Plaintiff is entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A. Dismissing Plaintiff's Complaint against eClinicalWorks, with prejudice;

B. Finding that eClinicalWorks has not infringed and is not infringing upon any of the claims of the '526 Patent;

C. Finding that each claim of the '526 Patent is invalid;

D. Finding that the '526 Patent is unenforceable;

E. Enjoining Plaintiff and/or any of its respective officers, directors, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, from directly or indirectly asserting infringement against, or instituting any further action for infringement of the '526 Patent against eClinicalWorks, or any of its customers, agents, successors and assigns;

F. Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding eClinicalWorks its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

G. Awarding to eClinicalWorks such other and further relief as the Court may deem just and proper under the circumstances.

/ / /

/ / /

## COUNTERCLAIM

COMES NOW Counterclaimant eClinicalWorks, LLC (hereinafter collectively "eClinicalWorks"), by and through its attorneys, and for its Counterclaims against Medsquire, LLC ("Counterclaim Defendant") states as follows:

## NATURE OF THE ACTION

1. This Counterclaim seeks, *inter alia*, a judgment declaring that the claims of United States Patent No. U.S. Patent Number 5,682,526 are invalid and/or not infringed by eClinicalWorks.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over these Counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., under 28 U.S.C. §§ 1331, under 28 U.S.C. § 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, et seq. To the extent Plaintiff/Counterclaim Defendant is entitled to venue in this judicial district, venue is proper in this judicial district under the provisions of 28 U.S.C. §§ 1391(b) and (c) and 1400.

## THE PARTIES

3. eClinical Works, LLC ("eClinicalWorks") is a Massachusetts limited liability company with its principal place of business in Massachusetts.

4. Upon information and belief, Counterclaim Defendant Medsquire, LLC is a limited liability company duly organized and existing under the laws of the State of California, with its principal place of business at 225 South Lake Avenue, Suite 300, Pasadena, California 91101.

## ACTS GIVING RISE TO THE COUNTERCLAIMS

5. Upon information and belief, U.S. Patent Application Serial No. 08/504,801 (the "'801 application") was filed on July 20, 1995, and issued as U.S. Patent No. 5,682,526 (the "'526 Patent") on October 28, 1997.

6. On information and belief, Plaintiff is the assignee of all rights, title, and interest in the '526 Patent.

7. On May 25, 2011 Plaintiff commenced a civil lawsuit against eClinicalWorks alleging that eClinicalWorks is infringing one or more of the claims of the '526 Patent.

8. By such action, Plaintiff has created an actual and justiciable case and controversy between itself and eClinicalWorks concerning whether the '526 Patent is valid and/or enforceable, as well as whether eClinicalWorks is infringing upon any valid and/or enforceable claim of the '526 Patent.

9. eClinicalWorks has not infringed, and is not infringing, upon any claims of the '526 Patent.

## FIRST COUNTERCLAIM FOR RELIEF

### Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 5,682,526

### (28 U.S.C. §§ 2201 and 2202)

10. eClinicalWorks incorporates by reference each and every allegation set forth in paragraphs 1 through 9 of this Counterclaim as if fully set forth and restated herein.

11. Upon information and belief, all of the claims of the '526 Patent are invalid, and void, for at least one or more of the following reasons:

(a) the patentees did not invent the subject matter of the '526 Patent, nor did they make any invention or discovery, either novel, original, or otherwise, within the meaning of United States Code, Title 35;

(b) the alleged invention of the '526 Patent was made by another in this country before the patentees' alleged invention, and such other person had not abandoned, suppressed, or concealed it;

(c) in light of the prior art at the time the alleged invention was made, the subject matter as claimed in the '526 Patent would have been obvious to

one skilled in the art to which the alleged invention relates and does not constitute a patentable invention;

(d) more than one year prior to the filing of the original application which matured into the '526 Patent, the alleged invention was patented or described in a printed publication in this or another country, and/or was in public use, on sale or was sold in this country;

(e) before the alleged invention claimed in the '526 Patent by the patentees, the alleged invention was known or used by others in this country, or was patented or described in a printed publication in this or a foreign country;

(f) before the alleged invention claimed in the '526 Patent by the patentees, the alleged invention was described in a patent granted on an application for patent by another filed in this country;

(g) before the alleged invention claimed in the '526 Patent by the patentees, the alleged invention was described in a published application for patent by another filed in this country;

(h) the patentees abandoned the alleged invention;

(i) the alleged invention does not involve the exercise of inventive faculty but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentees;

(j) the patent does not contain a written description of the alleged invention in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it, and, further, does not set forth the best mode contemplated by the alleged inventors of carrying out the alleged invention; and/or

(k) the alleged invention fails to satisfy 35 U.S.C. § 101 as the alleged invention does not transform an article and/or is not tied to a particular machine. Moreover, any alleged involvement of a machine is merely an insignificant extra solution activity.

12. By reason of the proceedings in the U.S. PTO during the prosecution of the application that matured into the '526 Patent, and in particular, the applicants' and/or their representative(s) and/or agents' remarks, representations, concessions, amendments and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that eClinicalWorks has infringed upon any of the claims of the '526 Patent.

13. Any claims of the '526 Patent that may not be, *arguendo*, held invalid are so restricted in scope that eClinicalWorks has not infringed, and does not infringe, upon any such claims.

WHEREFORE, Counterclaimant eClinicalWorks respectfully prays that the Court enter judgment in its favor and award the following relief against Counterclaim Defendant, Medsquire, LLC:

A. Declare that eClinicalWorks has not willfully or otherwise infringed, contributed to the infringement of, nor induced infringement of any claim of the '526 patent;

B. Declare that each claim of U.S. Patent No. 5,682,526 is invalid and unenforceable;

C. Permanently enjoin Plaintiff and its officers, directors, agents, servants, employees, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that eClinicalWorks and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe upon any of the claims of the '526 Patent;

D. Declare that Medsquire is entitled to no damages for, or injunctive relief against, any alleged infringement by eClinicalWorks;

E. Declare that this case is "exceptional" under 35 U.S.C. § 285;

F. Award eClinicalWorks its costs and reasonable attorneys' fees incurred in connection with this action; and

/ / /

G. Award and grant eClinicalWorks such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

eClinicalWorks hereby demands a jury trial in this action.

Dated: June 17, 2011

Respectfully submitted

**BRYAN CAVE LLP**
JOHN W. AMBERG
KEITH AURZADA
SHELLY C. GOPAUL

By: _____
John W. Amberg

Attorney for Defendant and Counterclaimant
eCLINICALWORKS, LLC

SM01DOCS\842633.2

16

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, CA 90401-2305.

On June 17, 2011, I served the foregoing document, described as **eCLINICALWORKS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO COMPLAINT FOR PATENT INFRINGEMENT** each interested party in this action, as follows:

Roderick G. Dorman, Esq.
Lawrence M. Hadley, Esq.
HENNIGAN DORMAN LLP
865 South Figueroa Street, Suite 2900
Tel: 213-694-1200
Fax: 213-694-1234

DormanR@HDlitigation.com
HadleyL@HDlitigation.com

☒ (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ (BY FEDERAL EXPRESS) I deposited in a box or other facility maintained by Federal Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

☐ (BY FAX) I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each transmission report from sending facsimile machine telephone number (310) 576-2200 to each interested party at the facsimile number shown above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

Executed on June 17, 2011, at Santa Monica, California.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*Judith C. Chiri*
Judith C. Chiri

SM01DOCS\842633.2

17

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT