HENNIGAN DORMAN LLP
RODERICK G. DORMAN (SBN 96908)
dormanr@hdlitigation.com
LAWRENCE M. HADLEY (SBN 157728)
hadleyl@ hdlitigation.com
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
(213) 694-1200 - Telephone
(213) 694-1234 - Facsimile

Attorneys for Plaintiff MEDSQUIRE, LLC

**[SEE SIGNATURE BLOCK FOR DEFENDANTS' COUNSEL]**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDSQUIRE, LLC<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SPRING MEDICAL SYSTEMS, INC.; QUEST DIAGNOSTICS, INC.; NEXTGEN HEALTHCARE INFORMATION SYSTEMS, INC.; HENRY SCHEIN MEDICAL SYSTEMS, INC.; HEWLETT-PACKARD COMPANY; APRIMA MEDICAL SOFTWARE, INC.; eCLINICALWORKS, LLC; MED3000, INC.; PULSE SYSTEMS, INC.; COMPULINK BUSINESS SYSTEMS, INC.; NEXTECH SYSTEMS, INC.; NAVINET, INC.; successEHS, INC.; athenaHEALTH, INC.<br><br>　　　　　Defendants. | Case No. CV11-4504-JHN (PLAx)<br><br>**FIRST AMENDED JOINT REPORT OF RULE 26 MEETING OF COUNSEL** |
| eCLINICALWORKS, LLC;<br><br>　　　　　Counterclaimant,<br><br>vs.<br><br>MEDSQUIRE, LLC;<br><br>　　　　　Counterdefendant. | |

CV11-4504-JHN (PLAx)
iManage\1757911.1

**AMENDED** JOINT RULE 26 REPORT

In accordance with this Court's Order for Rule 26 Joint Scheduling Report, Plaintiff Medsquire, LLC ("Medsquire") and Defendants Spring Medical Systems, Inc. ("Spring Medical"); Quest Diagnostics Incorporated (erroneously sued as Quest Diagnostics, Inc.) ("Quest"); NextGen Healthcare Information Systems, Inc. ("NextGen"); Henry Schein Medical Systems, Inc. ("Henry Schein"); Hewlett-Packard Company ("HP"); eClinicalWorks, LLC ("eClinicalWorks"); MED3000, Inc. ("MED3000"); Pulse Systems, Inc. ("Pulse"); Compulink Business Systems, Inc. ("Compulink"); NaviNet, Inc. ("NaviNet"); SuccessEHS, Inc. ("SucessEHS"); and AthenaHealth, Inc. ("AthenaHealth") (collectively, "Defendants") respectfully submit the following Joint Rule 26(f) Report.

### A.   Statement of the Case

#### 1.   Plaintiff's Statement of the Claims

This is a patent infringement action.  Plaintiff Medsquire, a company located in Pasadena, California, owns by assignment all rights, title and interest to U.S. Patent No. 5,682,526 (the '526 Patent) entitled Method and System for Flexibly Organizing, Recording, and Displaying Medical Patent Care Information using Fields in a Flowsheet.  Medsquire alleges that Defendants infringe the '526 Patent by making, using, offering to sell and selling electronic health record ("EHR") software, systems, and services in the United States.

In July 2010, the Office of the National Coordinator (ONC) of the U.S. Department of Health and Human Services (HHS) issued a Final Rule to qualify EHR technology for the American Recovery and Reinvestment Act (ARRA).  Rules governing ONC certification are published at 45 C.F.R. Part 170.  Vendors who wish to claim ONC certification must be have their software tested to demonstrate conformity to all certification criteria adopted at 45 CFR Part 170, SubPart C.

Each Defendant's EHR software has been tested and certified as ONC compliant.  Medsquire contends that an EHR vendor must necessarily practice the claims in the '526 Patent to comply with the ONC certification requirements.  For this

reason, among others, Medsquire believes that each Defendant infringes one or more claims of the '526 Patent. Medsquire is not aware of any invalidating prior art or other defenses to infringement.

### 2. Defendants' Statements

Defendant Spring Medical is Delaware Corporation, with its principal place of business at 14511 Falling Creek Dr Ste 305, Houston, TX 77014-1280. Spring Medical denies infringement of the '526 patent. In addition, in its affirmative defenses against Medsquire, Spring Medical will contend that the '526 patent is invalid and Medsquire's attempted enforcement of the '526 patent is barred by the doctrine of laches and by estoppel.

Defendant Quest is a Delaware corporation with a place of business at 3 Giralda Farms, Madison, NJ 07940. Quest intends to seek dismissal with prejudice of Plaintiff's claims against Quest and denial of all relief requested by Plaintiff; judgment that each of the asserted claims of the '526 patent is invalid and that the accused products and services do not infringe any valid claim of the '526 patent; judgment that Plaintiff's claims are barred, in whole or in part, by the affirmative defenses raised by Quest; Medsquire's attempted enforcement of the '526 patent is barred by the doctrine of laches and by estoppel; judgment that Quest is the prevailing party and is entitled to recover costs; and judgment that the case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling Quest to its reasonable attorneys' fees.

Defendant NextGen is a California corporation with a place of business at 795 Horsham Road, Horsham, Pennsylvania 19044. NextGen denies infringement of the '526 patent. In addition, NextGen anticipates it will counterclaim that the '526 patent is invalid and not infringed by NextGen, and anticipates that it will provide affirmative defenses , including that the '526 patent is not infringed by NextGen, that the '526 patent is invalid, that relief to Medsquire is barred by the doctrines of waiver, equitable estoppel, laches and /or acquiescence, that Medsquire's claims are barred by

the doctrine of prosecution history estoppel, that any damages that may be awarded are limited by failure to mark and the doctrines of full compensation, exhaustion, first sale, and/or implied license, that relief may be barred or limited under 35 U.S.C. §§ 273 and 286, that NextGern has not willfully infringed, the Plaintiff is not entitled to an exceptional case, and that Medsquire has failed to state a claim upon which relief can be granted.

Defendant Henry Schein is an Ohio corporation with a place of business at 760 Boardman Canfield Rd, Youngstown, OH 44512-4344  Henry Schein denies infringement of the '526 patent.  Henry Schein also contends that claims of the '526 patent are limited by the text of the patent, the prosecution history, and/or the prior art so that Plaintiff is estopped, or otherwise precluded, from even asserting that any claim is infringed by Henry Schein literally or by equivalents.  In addition to any and all affirmative defenses that Henry Schein will assert against Medsquire, Henry Schein will contend that the '526 patent is invalid and/or unenforceable and that Medsquire's attempted enforcement of the '526 patent is barred by the doctrine of waiver, laches, estoppel and/or unclean hands.  In addition, Henry Schein contends that Complaint fails to state a claim and/or that Plaintiff lacks standing to assert its claim.

Defendant HP is a Delaware corporation with a place of business at 3000 Hanover St, Palo Alto, CA 94304-1112.  HP denies infringement of the '526 patent as it does not believe that it offers for sale (or directs others to use) any software relating to the asserted patent..  In addition, HP anticipates that in the event Plaintiff's Complaint or Amended Complaint, if required, is found to state a claim for infringement of the '526 patent by HP, it will respond to that Complaint setting forth certain defenses and affirmative defenses, and that it will file a counterclaim alleging, *inter alia*, that it does not infringe the '526 patent and that the patent is invalid.

Defendant Quest is a Delaware corporation with a place of business at 3 Giralda Farms, Madison, NJ 07940.  Quest denies infringement of the '526 patent.  In

addition, in its affirmative defenses against Medsquire, Quest will contend that the '526 patent is invalid and Medsquire's attempted enforcement of the '526 patent is barred by the doctrine of laches and by estoppel.

Defendant eClinicalWorks is a Massachusetts limited liability company with a place of business at 110 Turnpike Rd, Westborough, MA 01581-2864. eClinicalWorks denies infringement of the '526 patent and has asserted numerous affirmative defenses such as estoppel, laches, waiver, and failure to comply various requirements of the Patent Act (35 U.S.C. § 100, *et seq.*) that, if proven, will invalidate the '526 patent, render it unenforceable against eClinicalWorks, and/or severely limit any potentially available damages. In addition, eClinicalWorks has asserted a Counterclaim seeking a declaratory judgment that the '526 patent is invalid and is unenforceable against and not infringed by eClinicalWorks.

Defendant MED3000 is a Delaware corporation with a place of business at 680 Andersen Drive Foster Plaza 10, Pittsburgh, PA 15220. MED3000 denies infringement of the '526 patent. In addition, MED3000 anticipates it will counterclaim that the '526 patent is invalid and not infringed by MED3000, and anticipates that it will provide affirmative defenses against Medsquire, including that the '526 patent is invalid and Medsquire's attempted enforcement of the '526 patent is barred by the doctrine of laches and by estoppel.

Defendant Pulse is a Kansas corporation with a place of business at 3017 North Cypress Drive, Wichita, KS 67226. Pulse denies infringement of the '526 patent. Pulse will assert affirmative defenses against Medsquire that the '526 patent is invalid and not infringed, and further that Medsquire's attempted enforcement of the '526 patent is barred by the doctrine of laches and by estoppel. In addition, Pulse will counterclaim that the '526 patent is invalid and not infringed by Pulse.

Defendant Compulink is a California corporation with a place of business at 2645 Townsgate Rd Ste 200, Westlake Village, CA 91361-2722. Compulink denies infringement of the '526 patent. In addition, in its affirmative defenses against

Medsquire, Compulink will contend that the '526 patent is invalid and Medsquire's attempted enforcement of the '526 patent is barred by the doctrine of laches and by estoppel.

Defendant NaviNet is a Delaware corporation with a place of business at 179 Lincoln Street, Boston, MA 02111. NaviNet denies infringement of the '526 patent. Further, NaviNet anticipates it will counterclaim that the '526 patent is invalid and not infringed by NaviNet and anticipates that it will provide affirmative defenses against Medsquire, including that the '526 patent is invalid and Medsquire's attempted enforcement of the ''526 patent is barred by the doctrine of laches and by estoppel.

Defendant SuccessEHS, Inc. is an Alabama corporation with its principal place of business at 1 Metroplex Dr Ste 500, Birmingham, AL 35209-7801. SuccessEHS, Inc. denies infringement of each and every claim in the '526 patent. In addition, as its affirmative defenses against Medsquire, SuccessEHS, Inc. may assert in the future the following defenses and reserves the right to raise additional other defenses as permitted: (1) the '526 patent is invalid, (2) SuccessEHS, Inc. does not infringe upon any one or more of the claims in the '526 patent, (3) Medsquire's attempted enforcement of the '526 patent is barred by the doctrines of laches, waiver, estoppel, acquiescence, prosecution history estoppel, and inequitable conduct, and that any damages that may be awarded are limited by failure to mark and the doctrines of full compensation, exhaustion, first sale, and/or implied license, that relief may be barred or limited under 35 U.S.C. §§ 273 and 286, that SuccessEHS has not willfully infringed, that Plaintiff is not entitled to an exceptional case, and that Medsquire has failed to state a claim upon which relief can be granted.

Defendant athenaHEALTH is a Delaware corporation with a place of business at 311 Arsenal St, Watertown, MA 02472-2782. athenaHEALTH denies infringement of the '526 patent. In addition, in its affirmative defenses against Medsquire, athenaHEALTH will contend that the '526 patent is invalid and Medsquire's attempted enforcement of the '526 patent is barred by the doctrine of

laches and by estoppel.

**B.     Subject Matter Jurisdiction**

This Court has subject matter jurisdiction of Medsquire's patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**C.     Legal Issues**

The key legal issues expected in this case are claim construction, infringement, validity, unenforceability, laches and estoppel, inequitable conduct and evidentiary issues regarding damages.  No parties have conducted discovery to date and may have additional issues for purposes of discovery.

**D.     Parties, Evidence, Etc.**

The parties are Medsquire, Spring Medical, Quest, NextGen, Henry Schein HP, eClinicalWorks, MED3000, Pulse, Compulink, NaviNet, SuccessEHS, and AthenaHealth.  At this time, the parties anticipate that percipient witnesses will include the inventors of the '526 patent (Timothy L. Smokoff, Tom Marlin, and Herbert J. Uhring), attorneys and law firms who prosecuted the '526 patent application that ripened into the '526 patent, and persons knowledgeable regarding:

1.     the Defendants' EHR software, systems, and services;

2.     the sales of Defendants' EHR software, systems, and services;

3.      license and other agreements relating to the '526 patent;

4.     prior art to the '526 patent;

5.     inventorship;

6.     the original assignee of the '526 patent, Spacelabs Medical;

7.     the ONC certification alleged by Plaintiff;

8.     the royalty sought by Plaintiff; and

9.     Plaintiff and its predecessors' knowledge of the Defendants' use and sale of their respective products.

Witnesses also may include individuals who developed various electronic medical records systems prior to the date of Medsquire's claimed invention date

and/or the priority date of the '526 patent.

### E. Damages

Medsquire will seek as damages a reasonable royalty for all infringing activities. The royalty will be based on the sales of infringing EHR software, systems, and services. At this time, Medsquire does not know the amount of infringing sales. Additionally, Medsquire may seek an injunction barring the continued sales of infringing software and systems.

HP submits that, under the applicable damage law, Medsquire's royalty cannot properly be based on sales on the entire EHR software, systems, and services.

Defendants contend that, because Medsquire does not manufacture or sell its own EHR product, it is not entitled to any injunctive relief.

### F. Insurance

No Defendant is aware of insurance coverage for the claims at issue.

### G. Motions

Medsquire does not plan to add other parties or file amended pleading. Medsquire currently is investigating other potential infringers. As to other infringers, Medsquire intends to file separate actions with appropriate notices of related case. Medsquire will oppose the motions by Defendants described below.

SuccessEHS, Inc. intends to move to dismiss Medsquire's claims for direct and indirect infringement based on failure to state a claim under Rule 12(b)(6).

Quest filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on Monday, July 18, 2011. Quest may file a motion to sever and/or dismiss for misjoinder under Fed. R. Civ. P. 20 and 21. Quest also anticipates that it may file motions seeking summary judgment on one or more aspects of the claims, counterclaims and defenses in the litigation. Quest also expects to file pre-trial motions, such as motions in limine, and may file discovery motions if the need arises.

HP has joined Quest's Motion to Dismiss Medsquire's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

NextGen does not plan to move to transfer venue or to dismiss on jurisdictional grounds. NextGen intends to move to dismiss Medsquire's claims for direct and indirect infringement based on failure to state a claim under Rule 12(b)(6).

On July 18, 2011, MED3000 (and other Defendants) moved to dismiss Medsquire's claims for direct and indirect infringement based on failure to state a claim under Rule 12(b)(6).

Pulse intends to move to dismiss Medsquire's claims for direct and indirect infringement based on failure to state a claim under Rule 12(b)(6).

Henry Schein reserves its right to file a motion to sever in addition to dispositive motions.

NaviNet intends to move to dismiss Medsquire's claims for direct and indirect infringement based on failure to state a claim under Rule 12(b)(6).

### H.     Manual for Complex Litigation

The parties presently do not believe that the procedures and techniques set forth in the Manual for Complex Litigation are required in this action. If unforeseen events result in additional complexity in this case, the parties will confer and may recommend and/or move to request that some or all of the procedures and techniques set forth in the Manual for Complex Litigation or other case management procedures or techniques be implemented.

### I.     Status of Discovery

At this time, no discovery has been completed. The parties expect that discovery will include document requests, interrogatories, requests for admission, and depositions. Additionally, the parties may seek some third party discovery.

### J.     Discovery Plan

The parties agree that discovery will be needed on issues of infringement, validity, and damages and any other defenses asserted by Defendants. The parties do not suggest conducting discovery in phases or to otherwise limit discovery. Aside from these agreed points, the parties' separate proposals are set forth below:

*Plaintiff's Proposal*:

Plaintiff believes that the discovery procedures and limits contained in the Federal Rules of Civil Procedure should be followed. Plaintiff does not oppose the exchange of infringement and invalidity contentions as Defendants have proposed below. Plaintiffs proposes that claim construction be addressed in the context of summary judgment so that the Court will know the context and relevance of differing proposed constructions. However, if the Court is inclined to hold separate claim construction proceedings, Plaintiff believes that Defendants' proposed schedule, set forth below, is prejudicial and will not result in meaningful exchanges and claim construction proceedings. To provide meaningful exchanges and claim construction proceedings, enough discovery must take place such that all parties have the information needed for infringement and validity contentions, and needed to propose constructions matter to the case, not merely requests for advisory options. Indeed, it is entirely unreasonable to expect Plaintiff to provide infringement contentions by July 25, 2011, before it conducts *any* discovery. Accordingly, Plaintiff proposes that infringement contention exchanges, invalidity exchanges, and claim construction proceedings take place no sooner than one month prior to the close of fact discovery.

*Defendants' Proposal:*

Defendants propose that Rule 26(a) disclosure requirements should be altered, and that disclosures should take place two weeks after the Court rules on the motion to dismiss.

Defendants propose an initial and separate *Markman* briefing schedule, and if the Court is so inclined, a *Markman* hearing to allow for narrowing of the issues presented for summary judgment. Defendants propose the following schedule in addition to the dates set forth in Exhibit A.:

| | |
|---|---|
| Initial Disclosures to be filed | Two weeks from the date on which the Court enters its Order on Defendants' Motion to Dismiss Under Rule 12(b)(6) |
| Plaintiff to serve each Defendant with | July 25, 2011 |

| | |
|---|---|
| infringement contentions | |
| Defendants to serve invalidity contentions | September 16, 2011 |
| Each party to serve list of proposed claim terms for construction | November 11, 2011 |
| Each party to serve proposed claim term constructions | December 9, 2011 |
| Opening Claim Construction Briefs filed and served by each party (simultaneously) | January 9, 2012 |
| Responsive Claim Construction briefs filed and served by each party (simultaneously) | January 30, 2012 |
| *Markman* hearing | February ____, 2012 |

### K.  Discovery Cut-Off

The parties' respective requests are set forth in the attached Schedule of Pretrial and Trial Dates.

### L.  Expert Discovery

The parties' respective requests are set forth in the attached Schedule of Pretrial and Trial Dates.

### M.  Dispositive Motions

The parties anticipate making dispositive or partially dispositive motions. Plaintiff contemplates a possible summary adjudication motion on the issue of infringement. Plaintiff also believes that the number of separate motions allowed by Defendants should be limited to avoid piece-meal adjudication of issues that will overwhelm both the Plaintiff and the Court. As noted above, Plaintiff proposes that all claim construction issues be addressed as part of briefing on summary judgment rather than in a separate *Markman* proceeding. This will allow the Court to consider the context of any claim construction disputes.

Defendants contemplate filing various, separate summary judgment motions, including on the issues of non-infringement, laches, willfulness (if alleged), invalidity,

and/or limitations of damages.  The parties' respective requests are set forth in the attached Schedule of Pretrial and Trial Dates.  Defendants also propose an initial and separate *Markman* briefing schedule and hearing to allow for the narrowing of the issues presented for summary judgment.  Dates are proposed as part of the attached Schedule.

**N.     Settlement**

Medsquire has had some settlement discussions with some Defendants on an individual basis, but not all Defendants.

The parties agree to participate in a non-judicial dispute resolution proceeding in accordance with Local Rule 16-14.4.

**O.     Trial Estimate**

The parties estimate between 5 and 20 court days for a jury trial depending on whether the Court tries all Defendants together or in groups.  Medsquire will be prepared to try the case against all Defendants in a single trial.  Depending on the issues in the case at the time of trial, especially as they relate to individual defenses and claims, the Defendants reserve the right to request separate trials.

Defendant SuccessEHS, Inc. believes trying all Defendants together will be inefficient, unnecessarily costly, and confusing for the jury.  Defendant SuccessEHS, Inc. requests that the Defendants be separated for trial.

Subject to a potential motion to sever and depending on the number of the Defendants and issues in the case at the time of trial, Quest reserves the right to request a separate trial.

**P.     Trial Counsel**

Trial counsel for Medsquire is Lawrence Hadley of Hennigan Dorman LLP in Los Angeles, California.

Trial counsel for Spring Medical Systems, Inc. is Jack B. Smyth, President and Chief Executive Officer in Houston, Texas.

Trial counsel for Quest Diagnostics is D. James Pak of Baker & McKenzie LLP

in San Diego, California.

Trial counsel for NextGen Healthcare Systems, Inc. is Jeffrey M. Goldman and Noah Malgeri of Pepper Hamilton LLP in Irvine, California.

Trial counsel for Henry Schein Medical Systems, Inc. is Nancy Sher Cohen, of Proskauer Rose LLP in Los Angeles, California and Bruce Fader, Baldassare Vinti and Colin Cabral of Proskauer Rose LLP in New York, New York.

Trial counsel for Hewlett-Packard Company is David A. Segal and Jeffrey T. Thomas of Gibson, Dunn & Crutcher LLP in Irvine, California.

Trial counsel for eClinicalWorks, LLC is John W. Amberg, Keith Aurzada, Ryan Pumpian and Shelly C. Gopaul of Bryan Cave LLP in Santa Monica, California.

Trial counsel for MED3000, Inc. is Scott D. Baker of Reed Smith LLP in San Francisco, California and Kirsten R. Rydstrom and Kevin S. Katona of Reed Smith LLP in Pittsburgh, Pennsylvania.

Trial counsel for Pulse Systems, Inc. is Don V. Kelly of Evans & Dixon LLC in St. Louis, Missouri.

Trial counsel for Compulink Business Systems, Inc. is Michael Harris of SoCal IP Law Group LLP in Westlake Village, California.

Trial counsel for NaviNet, Inc. is John M. Adams of Price & Adams, P.C. of Pittsburgh, Pennsylvania.

Trial counsel for SuccessEHS is Karin G. Pagnanelli of Mitchell Silberberg & Knupp LLP in Los Angeles, California.

Trial counsel for athenaHEALTH, Inc. is Michael A. Albert and Hunter D. Keeton of Wolf, Greenfield & Sacks, P.C. in Boston, Massachusetts.

**Q.     Independent Expert or Master**

At this time, the parties do not believe that this case will require the use of an independent expert or master.

### R. Timetable

The parties' respective requests are set forth in the attached Schedule of Pretrial and Trial Dates.

### S. Other Issues

Medsquire will require the production of source code for the accused EHR software systems. Accordingly, the parties expect that a protective order covering the exchange of confidential information will be required and that the protective order will need special provisions concerning the protection of source code.

DATED: July 19, 2011            HENNIGAN DORMAN LLP


By      /s/Lawrence M. Hadley
         Lawrence M. Hadley
Attorneys for Plaintiff MEDSQUIRE LLC


DATED: July 19, 2011            BAKER & MCKENZIE LLP
                                D. James Pak
                                (*d.james.pak@bakermckenzie.com*)
                                12544 High Bluff Drive, Third Floor
                                San Diego, CA  92130
                                Telephone:  (858) 523-6227
                                Facsimile:  (858) 259-8290


By      /s/D. James Pak
         D. James Pak
Attorneys for Defendant QUEST DIAGNOSTICS INCORPORATED

| | | |
|---|---|---|
| DATED: | July 19, 2011 | PEPPER HAMILTON LLP<br>Harry P. "Hap" Weitzel<br>(*weitzelh@pepperlaw.com*)<br>Jeffrey M. Goldman<br>(*goldmanj@pepperlaw.com*)<br>4 Park Plaza, Suite 1200<br>Irvine, California  92614<br>Telephone:  (949) 567-3500<br>Facsimile:  (949) 863-0151 |
| | | PEPPER HAMILTON LLP<br>Michael T. Ranaud (*admitted pro hac vice*)<br>(*renaudm@pepperlaw.com*)<br>Noah Malgeri (*admitted pro hac vice*)<br>(*malgerin@pepperlaw.com*)<br>Anne M. Shyjan<br>(*shyjana@pepperlaw.com*)<br>15th Floor, Oliver Street Tower<br>125 High Street<br>Boston, Massachusetts  02110<br>Telephone:  (617) 204-5100<br>Facsimile:  (617) 204-5150 |
| | | By    */s/Jeffrey M. Goldman*<br>Jeffrey M. Goldman<br>Attorneys for Defendant NEXTGEN HEALTHCARE SYSTEMS, INC. |
| DATED: | July 19, 2011 | PROSKAUER ROSE LLP<br>Nancy Sher Cohen<br>(*ncohen@proskauer.com*)<br>Baldassare Vinti<br>(*bvinti@proskauer.com*)<br>Colin Cabral<br>(*ccabral proskauer.com*)<br>2049 Century Park East, 2nd Floor<br>Los Angeles, CA  90067<br>Telephone:  (310) 284-5655<br>Facsimile:  (310) 557-2193 |
| | | By    */s/Nancy Sher Cohen*<br>Nancy Sher Cohen<br>Attorneys for Defendant HENRY SCHEIN MEDICAL SYSTEMS, INC. |

| | | |
|---|---|---|
| 1 | DATED: July 19, 2011 | GIBSON, DUNN & CRUTCHER LLP |

David A. Segal
(*DSegal@gibsondunn.com*)
Jeffrey T. Thomas
(*JTThomas@gibsondunn.com*)
Casey McCracken
(*CMcCracken@gibsondunn.com*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3967
Facsimile: (949) 475-4670


By_____*/s/Jeffrey T. Thomas*_____
        Jeffrey T. Thomas

Attorneys for Defendant HEWLETT-PACKARD COMPANY

DATED: July 19, 2011     BRYAN CAVE LLP
John W. Amberg
(*jwamberg@bryancave.com*)
Keith Aurzada
(*keith.aurzada@bryancave.com*)
Shelly C. Gopaul
(*shelly.gopaul@bryancave.com*)
120 Broadway, Suite 300
Santa Monica, CA 90401-2386


By_____*/s/John W. Amberg*_____
        John W. Amberg

Attorneys for Defendant and Counterclaimant eCLINICALWORKS, LLC

| | | |
|---|---|---|
| DATED: | July 19, 2011 | REED SMITH LLP<br>Scott D. Baker<br>(*sbaker@reedsmith.com*)<br>William R. Overend<br>(*woverend@reedsmith.com*)<br>101 Second Street, Suite 1800<br>San Francisco, California  94105-3659<br>Telephone:  (415) 543-8700<br>Facsimile:  (415) 391-8269 |
| | | REED SMITH LLP<br>Kirsten R. Rydstrom<br>(*pro hac vice* request to be filed)<br>(*krydstrom@reedsmith.com*)<br>Kevin S. Katona<br>(*pro hac vice* request to be filed)<br>(*kkatona@reedsmith.com*)<br>Reed Smith Centre<br>225 Fifth Avenue<br>Pittsburgh, PA  15222-2716<br>Telephone:  (412) 288-3131<br>Facsimile:  (412) 288-3063 |
| | | By_____*/s/William R. Overend*_____<br>William R. Overend<br>Attorneys for Defendant MED3000, INC. |
| DATED: | July 19, 2011 | EVANS & DIXON LLC<br>Don V. Kelly<br>(*dkelly@evans-dixon.com*)<br>Metropolitan Square<br>211 N. Broadway, Suite 2500<br>St. Louis, MO  63102-2727<br>Telephone:  (314) 621-7755<br>Facsimile:  (314) 621-3136 |
| | | By_____*/s/Don V. Kelly*_____<br>Don V. Kelly<br>Attorneys for Defendant PULSE SYSTEMS, INC. |

HENNIGAN DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

| | | |
|---|---|---|
| DATED: | July 19, 2011 | SOCAL IP LAW GROUP LLP<br>Michael Harris<br>(*mharris@socalip.com*)<br>Mark A. Goldstein<br>(*mgoldstein@socalip.com*)<br>M. Kala Sarvaiya<br>(*ksarvaiya@socalip.com*)<br>310 N. Westlake Blvd., Suite 120<br>Westlake Village, CA  91362-3788<br>Telephone:  (805) 230-1350<br>Facsimile:  (805) 230-1355<br><br>By_____*/s/Michael Harris*_____<br>Michael Harris<br>Attorneys for Defendant COMPULINK BUSINESS SYSTEMS, INC. |
| DATED: | July 19, 2011 | MITCHELL SILBERBERG & KNUPP LLP<br>Karin G. Pagnanelli<br>(*kgp@msk.com*)<br>11377 W. Olympic Boulevard<br>Los Angeles, CA  90064<br>Telephone:  (310) 312-2000<br>Facsimile:  (310) 312-3100<br><br>By_____*/s/Karin G. Pagnanelli*_____<br>Karin G. Pagnanelli<br>Attorneys for Defendant SUCCESSEHS, INC. |
| DATED: | July 20, 2011 | WOLF, GREENFIELD & SACKS, P.C.<br>Gerald B. Hrycyszyn<br>(*ghrycyszyn@wolfgreenfield.com*)<br>Michael A. Albert (*pro hac vice* to be filed)<br>(*malbert@wolfgreenfield.com*)<br>Hunter D. Keeton (*pro hac vice* to be filed)<br>(*hkeeton@wolfgreenfield.com*)<br>600 Atlantic Avenue<br>Boston, MA  02210-2206<br>Telephone:  (617) 646-8000<br>Facsimile:  (617) 646-8646<br><br>By_____*/s/Gerald B. Hrycyszyn*_____<br>Gerald B. Hrycyszyn<br>Attorneys for Defendant ATHENAHEALTH, INC. |

| | | |
|---|---|---|
| 1 | DATED: July 20, 2011 | PRICE & ADAMS, P.C. |
| 2 | | John M. Adams<br>(*paip.law@verizon.net*) |
| 3 | | 4135 Brownsville Road<br>Pittsburgh, PA 15227<br>Telephone: (412) 882-7170 |
| 4 | | Facsimile: (412) 884-6650 |

By    */s/John M. Adams*
        John M. Adams
Attorneys for Defendant NAVINET, INC.