HENNIGAN DORMAN LLP
RODERICK G. DORMAN (SBN 96908)
dormanr@hdlitigation.com
LAWRENCE M. HADLEY (SBN 157728)
hadleyl@ hdlitigation.com
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
(213) 694-1200 - Telephone
(213) 694-1234 - Facsimile

Attorneys for Plaintiff and Counterdefendant,
 MEDSQUIRE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDSQUIRE, LLC<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>SPRING MEDICAL SYSTEMS, INC.; QUEST DIAGNOSTICS, INC.; NEXTGEN HEALTHCARE INFORMATION SYSTEMS, INC.; HENRY SCHEIN MEDICAL SYSTEMS, INC.; HEWLETT-PACKARD COMPANY; APRIMA MEDICAL SOFTWARE, INC.; eCLINICALWORKS, LLC; MED3000, INC.; PULSE SYSTEMS, INC.; COMPULINK BUSINESS SYSTEMS, INC.; NEXTECH SYSTEMS, INC.; NAVINET, INC.; successEHS, INC.; athenaHEALTH, INC.<br><br>　　　　　　　Defendants.<br><br>eCLINICALWORKS, LLC;<br><br>　　　　　　　Counterclaimant,<br><br>　　vs.<br><br>MEDSQUIRE, LLC;<br><br>　　　　　　　Counterdefendant. | Case No. CV11-4504-JHN (PLAx)<br><br>**OPPOSITION TO QUEST DIAGNOSTICS INCORPORATED'S MOTION TO DISMISS**<br><br>Date:　　　　August 22, 2011<br>Time:　　　　2:00 p.m.<br>Courtroom:　790<br><br>Judge:  Hon. Jacqueline H. Nguyen |

CV11-4504-JHN (PLAx)　　　　　　　　　　　　　　　　　　　　　　OPPOSITION TO MOTION TO DISMISS
iManage\1760020.1

## I. INTRODUCTION

Defendant Quest Diagnostics, Inc. ("Quest") asks this Court to dismiss Medsquire LLC's ("Medsquire") 65-paragraph Complaint ("Complaint") for Patent Infringement because it does not allege the "factual details of its infringement claims." Quest acknowledges that the Complaint satisfies the pleading standard set forth in Rule 8 and Form 18 of the Federal Rules of Civil Procedure. That standard governs the sufficiency of Medquire's complaint. Thus, Quest's motion should be denied.

As an aside, 11 defendants served a "Notice of Joinder" in Quest's motion, but did not separately move to dismiss.[1] Since these defendants only joined in Quest's motion, did not properly move to dismiss the complaint as to them, and have failed to otherwise respond to the Complaint in a manner allowed under the Federal Rules within the required time, they are all in default on the Complaint. Moreover, one of the "joining" defendants, Aprima Medical Software, never sought a stipulation to extend the response time and defaulted on the Complaint more than a month ago. Its belated "joinder" in Quest's motion to dismiss, even if an allowed response under the Federal Rules (which it is not), does not cure its earlier default.

## II. ARGUMENT

Quest's argument that Medsquire's Complaint fails to meet the standard for pleading direct patent infringement rests on the false notion that the Supreme Court's *Twombly* and *Iqbal* decisions changed the standard. Rule 8 and Form 18 of the Federal Rules of Civil Procedure remain the standard for pleading direct patent infringement.[2]

---

[1] The defendants "joining" in Quest's motion are Hewlett-Packard Company, Nextgen Healthcare Information Systems, Henry Schein Medical Systems, EClinical Works, Med3000, Pulse Systems, Compulink Business Systems, Navinet, SucessEHS, AthenaHealth, and Aprima Medical Software.

[2] If the Court finds Medsquire's allegations deficient in any way, Medsquire should be allowed to amend.

To state a claim for relief, Fed. R. Civ. P. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has clarified that a complaint does not require "detailed factual allegations." Rather, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

For claims of patent infringement, as Medsquire has alleged here, the *Twombly* and *Iqbal* decisions do not change the established pleading standard. The Federal Rules of Civil Procedure provide a form patent complaint for direct infringement. Fed. R. Civ. P. Form 18. Under the Rules, a court must accept as sufficient any pleading made in conformance with the forms. *See* Fed. R. Civ. P. 84; *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1360 (Fed. Cir. 2007). Thus, any claim for patent infringement containing the level of specificity set forth in Form 18 satisfies Rule 8 as interpreted in the *Twombly* and *Iqbal* decisions. *Mark IV Industries, Corp. v. Transcore, LP.*, 2009 U.S. Dist. LEXIS 112069 at *6-10 (D. Del. Dec. 2, 2009).

Medsquire's Complaint easily satisfies the Rule 8 pleading standard, and Quest does not contend otherwise. The Complaint names the patent-in-suit, it incorporates the entire patent by reference, it identifies each infringer, it names the infringing product at issue, it states what each defendant does to directly infringe the patent, it states what each defendant does to contribute to and induce infringement of the patent, and it recites each element for each cause of action. Each defendant has fair notice of the claims asserted against them. Likewise, no defendant asserts that the infringement allegations are not "plausible in its face." Nothing more is required.

Moreover, to the extent any defendant wanted more information, Medsquire offered to provide a claim chart, and has provided claim charts to at least six defendants. Requiring Medsquire to amend the complaint to add unspecified "factual details" is precisely the kind of "make-work" that needlessly drives up the cost of

1  litigation.

2  Quest argues that "California courts" impose a pleading standard for patent
3  cases exceeding the Rule 8 and Form 18 standard. But California courts cannot
4  unilaterally adopt more stringent pleading standards. Rather, all district courts must
5  abide by the standards in the Federal Rules and the Federal Circuit's *McZeal* decision.
6  Quest also relies extensively on *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 U.S.
7  Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009). In *Elan*, a magistrate judge dismissed
8  Apple's counterclaims that Elan "directly and/or indirectly" infringed certain patents,
9  because Apple failed to plead the additional elements required to assert claims of
10 contributory infringement and inducement. *Elan*, 2009 U.S. Dist. LEXIS 83715 at
11 *6-7. Thus, *Elan* provides no support for dismissing Medsquire's infringement claim
12 under the *Twombly* and *Iqbal* decisions.

13 Finally, Quest argues that Medsquire's complaint is deficient because it uses
14 the "on information and belief" language for factual allegations in two paragraphs.
15 But nothing in the Federal Rules prohibits making factual allegations "on information
16 and belief." To the contrary, the Federal Rules expressly contemplate using that form
17 of allegation when discovery may be necessary to support a factual allegation. Fed.
18 R. Civ. P. 11(b)(3) Advisory Committee Note.

### III.  CONCLUSION

20 For the foregoing reasons, Medsquire respectfully asks that Quest's motion to
21 dismiss be denied.

23 DATED:   August 1, 2011          HENNIGAN DORMAN LLP

25                              By   */S/ Lawrence M. Hadley*
                                     Lawrence M. Hadley

27                              Attorneys for Plaintiff and
                                Counterdefendant, MEDSQUIRE LLC