1  D. James Pak (SBN 194331)
   **BAKER & McKENZIE LLP**
2  12544 High Bluff Drive, Third Floor
   San Diego, CA  92130-3051
3  Telephone: +1 858 523 6200
   Facsimile:  +1 858 259 8290
4  Email:      d.james.pak@bakermckenzie.com

5  Attorneys for Defendant QUEST
   DIAGNOSTICS INCORPORATED

7  *List of Counsel continued on the second page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MEDSQUIRE, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>SPRING MEDICAL SYSTEMS, INC.; QUEST DIAGNOSTICS, INC.; NEXTGEN HEALTHCARE INFORMATION SYSTEMS, INC.; HENRY SCHEIN MEDICAL SYSTEMS, INC.; HEWLETT-PACKARD COMPANY; APRIMA MEDICAL SOFTWARE, INC.; eCLINICALWORKS, LLC; MED3000, INC.; PULSE SYSTEMS, INC.; COMPULINK BUSINESS SYSTEMS, INC.; NEXTECH SYSTEMS, INC.; NAVINET, INC.; successEHS, INC.; athenaHEALTH, INC.,<br><br>          Defendant. | **Case No.  CV11-4504-jhn (PLAx)**<br><br>**DEFENDANT QUEST DIAGNOSTICS INCORPORATED AND JOINING DEFENDANTS' JOINT REPLY IN SUPPORT OF QUEST'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b) (6)**<br><br>Original Hearing Date: Aug. 22, 2011<br>Re-Noticed Date: Sept. 12, 2011<br>Time: 2:00 p.m.<br>Courtroom: 790<br><br>**Judge: Hon. Jacqueline H. Nguyen** |

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS INCORPORATED'S REPLY ISO MOTION TO DISMISS

| | | |
|---|---|---|
| 1 | **SPRING MEDICAL SYSTEMS, INC.**<br>Jack B. Smyth<br>(*Jack.Smyth@SpringMedical.com*)<br>3648 FM 1960 W, Suite 100<br>Houston, TX  77068<br>Telephone:  (281) 537-0186<br><br>President and Chief Executive Officer for Defendant SPRING MEDICAL SYSTEMS, INC. | Harry P. "Hap" Weitzel<br>(*weitzelh@pepperlaw.com*)<br>Jeffrey M. Goldman<br>(*goldmanj@pepperlaw.com*)<br>Noah Malgeri<br>(*nmalgeri@pepperlaw.com*)<br>**PEPPER HAMILTON LLP**<br>4 Park Plaza, Suite 1200<br>Irvine, California  92614<br>Telephone:  (949) 567-3500<br>Facsimile:  (949) 863-0151<br><br>Michael T. Ranaud (*admitted pro hac vice*)<br>(*renaudm@pepperlaw.com*)<br>Noah Malgeri (*admitted pro hac vice*)<br>(*malgerin@pepperlaw.com*)<br>Anne M. Shyjan<br>(*shyjana@pepperlaw.com*)<br>**PEPPER HAMILTON LLP**<br>15th Floor, Oliver Street Tower<br>125 High Street<br>Boston, Massachusetts  02110<br>Telephone:  (617) 204-5100<br>Facsimile:  (617) 204-5150<br><br>Attorneys for Defendant NEXTGEN HEALTHCARE SYSTEMS, INC. |
| 16 | Nancy Sher Cohen<br>(*ncohen@proskauer.com*)<br>Baldassare Vinti<br>(*bvinti@proskauer.com*)<br>Colin Cabral<br>(*ccabral proskauer.com*)<br>**PROSKAUER ROSE LLP**<br>2049 Century Park East, 2nd Floor<br>Los Angeles, CA  90067<br>Telephone:  (310) 284-5655<br>Facsimile:  (310) 557-2193<br><br>Attorneys for Defendant HENRY SCHEIN MEDICAL SYSTEMS, INC. | Jeffrey T. Thomas (SBN 106409)<br>David A. Segal (SBN 166635)<br>**GIBSON, DUNN & CRUTCHER LLP**<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br>Telephone:  (949) 451-3967<br>Facsimile:  (949) 475-4670<br>*JTTHOMAS@GIBSONDUNN.COM*<br>*DASEGAL@GIBSONDUNN.COM*<br><br>Attorneys for Defendant HEWLETT-PACKARD COMPANY |

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS INCORPORATED'S REPLY ISO MOTION TO DISMISS

| | | |
|---|---|---|
| 1 | John W. Amberg (*jwamberg@bryancave.com*) | Scott D. Baker (*sbaker@reedsmith.com*) |
| 2 | Keith Aurzada (*keith.aurzada@bryancave.com*) | William R. Overend (*woverend@reedsmith.com*) |
| 3 | Shelly C. Gopaul (*shelly.gopaul@bryancave.com*) | **REED SMITH LLP** 101 Second Street, Suite 1800 |
| 4 | **BRYAN CAVE LLP** 120 Broadway, Suite 300 | San Francisco, California 94105-3659 Telephone: (415) 543-8700 |
| 5 | Santa Monica, CA 90401-2386 | Facsimile: (415) 391-8269 |
| 6 | Attorneys for Defendant and Counterclaimant eCLINICALWORKS, LLC | Kirsten R. Rydstrom (*krydstrom@reedsmith.com*) |
| 7 | | Kevin S. Katona (*pending pro hac vice*) (*kkatona@reedsmith.com*) |
| 8 | | **REED SMITH LLP** Reed Smith Centre |
| 9 | | 225 Fifth Avenue Pittsburgh, PA 15222-2716 |
| 10 | | Telephone: (412) 288-3131 Facsimile: (412) 288-3063 |
| 11 | | |
| 12 | | Attorneys for Defendant MED3000, INC. |
| 13 | | |
| 14 | Don V. Kelly (*dkelly@evans-dixon.com*) | Michael Harris (*MHARRIS@SOCALIP.COM*) |
| 15 | **EVANS & DIXON LLC** Metropolitan Square | Mark A. Goldstein M. Kala Sarvaiva |
| 16 | 211 N. Broadway, Suite 2500 St. Louis, MO 63102-2727 | **SOCAL IP LAW GROUP LLP** 310 N. Westlake Blvd., Suite 120 |
| 17 | Telephone: (314) 621-7755 Facsimile: (314) 621-3136 | Westlake Village, CA 91362-3788 Telephone: (805) 230-1350 |
| 18 | | Facsimile: (805) 230-1355 |
| 19 | Attorneys for Defendant PULSE SYSTEMS, INC. | Attorneys for Defendant COMPULINK BUSINESS SYSTEMS, INC. |
| 20 | | |
| 21 | | |
| 22 | John M. Adams (*paip.law@verizon.net*) | MITCHELL SILBERBERG & KNUPP LLP |
| 23 | **PRICE & ADAMS, P.C.** 4135 Brownsville Road | Karin G. Pagnanelli (*kgp@msk.com*) |
| 24 | Pittsburgh, PA 15227 Telephone: (412) 882-7170 | 11377 W. Olympic Boulevard Los Angeles, CA 90064 |
| 25 | Facsimile: (412) 884-6650 | Telephone: (310) 312-2000 Facsimile: (310) 312-3100 |
| 26 | Attorneys for Defendant NAVINET, INC. | Attorneys for Defendant SUCCESSEHS, INC. |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | Gerald B. Hrycyszyn (SBN 227814)<br>Michael A. Albert (*pro hac vice* to be filed)<br>Hunter D. Keeton (*pro hac vice* to be filed)<br>**WOLF, GREENFIELD & SACKS, P.C.**<br>600 Atlantic Avenue<br>Boston, MA 02210-2206<br>Telephone: (617) 646-8000<br>Facsimile: (617) 646-8646<br>ghrycyszyn@wolfgreenfield.com<br>malbert@wolfgreenfield.com<br>hkeeton@wolfgreenfield.com<br><br>Attorneys for Defendant<br>ATHENAHEALTH, INC. | Randall S. Leff (SBN 77148)<br>Russell M. Selmont (SBN 252522)<br>**ERVIN COHEN & JESSUP, LLP**<br>9401 Wilshire Boulevard, 9th Floor<br>Beverly Hills, California 90212<br>Telephone: 310.273.6333<br>Facsimile: 310.859.2325<br><br>Kenneth W. Biermacher (*admitted pro hac*)<br>Kevin P. Perkins (*admitted pro hac*)<br>**KANE RUSSELL COLEMAN & LOGAN PC**<br>1601 Elm Street, Suite 3700<br>Dallas, Texas 75201<br>Telephone: 214.777.4200<br>Facsimile: 214.777.4299<br><br>Attorneys for Defendant APRIMA MEDICAL SOFTWARE, INC. | |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................1

    A. Medsquire Misrepresents Quest's Arguments and Fails to Respond to Them............................................................................1

    B. Medsquire's Opposition Is Based On Faulty, Rejected Legal Premises ........4

    C. Medsquire's Other Miscellaneous Arguments Are Meritless........................7

III. MEDSQUIRE'S "ASIDE" ALLEGING DEFAULT BY THE JOINING DEFENDANTS IS GROUNDLESS AND SHOULD BE DISREGARDED .....9

IV. CONCLUSION ...................................................................................................10

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

i

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS INCORPORATED'S REPLY ISO MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page**

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*
  556 U.S. ___, 129 S. Ct. 1937 ...............................................................................................4

*Clayton v. Fisher Price, Inc.*
  No. 2:09-cv-06891, slip. op. (C.D. Cal. June 1, 2010) ..............................................1, 2, 4, 5, 6

*Elan v. Microelec. Corp. v. Apple, Inc.*
  2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009) ........................................................5, 6

*Giampaoli v. Califano*
  628 F.2d 1190, 1193 (9th Cir. 1980) .....................................................................................10

*In re Union Nat. Bank & Trust Co. of Souderton, Pa.*
  287 F. Supp. 431, 433 (E.D. Pa. 1968) ..................................................................................10

*Koncewicz v. East Liverpool City Hospital*
  31 F. Supp. 122 (W.D. Pa. 1940) ..........................................................................................10

*Luv N' Care, Ltd. v. Babelio, S.A.*
  306 F. Supp.2d 468, 471-73 (S.D.N.Y. 2004) .........................................................................10

*Marbly v. Home Properties of New York*
  183 F. Supp. 2d 950, 954 (E.D. Mich. 2002) ..........................................................................10

*Mark IV Industries, Corp. v. Transcore LP*
  2009 U.S. Dist. LEXIS 112069 (D. Del. Dec. 2, 2009) ..............................................................6

*Mat-Van, Inc. v. Sheldon Good & Co. Actions, LLC*
  2007 WL 2206946, at *3 (C.D. Cal. July 27, 2007) .................................................................10

*McZeal v. Sprint Nextel Corp.*
  501 F.3d 1354 (Fed. Cir. 2007) ..............................................................................................7

*Microsoft Corp. v. Phoenix Solutions, Inc.*
  No. 2:10-cv-03846, slip op. at 3 (C.D. Cal. Nov. 4, 2010) .........................................................6

*Rashidi v. Albright*
  818 F. Supp. 1354, 1355-56 (D. Nev. 1993) ...........................................................................9

ii

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS INCORPORATED'S REPLY ISO MOTION TO DISMISS

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Smartmetric Inc. v. MasterCard Inc.*
   No. 2:10-cv-01864, slip op. (C.D. Cal. July 8, 2010) .................................................. 1, 2, 4, 5, 7

*Weyer v. MySpace, Inc.*
   No. 2:10-cv-00499, slip op. at 4 (C.D. Cal. June 17, 2010) ........................................................ 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16(f)(1) ................................................................................................................. 10

Fed. R. Civ. P. 55(a) ....................................................................................................................... 9

Fed. R. Civ. P. 8 ......................................................................................................................... 2, 5

## I. INTRODUCTION

Plaintiff Medsquire's three-page Opposition (Doc. No. 65) to Defendant Quest's Motion to Dismiss (Doc. No. 41), offers no substantive defense of the Complaint's conclusory, factually-devoid infringement allegations. Rather, the Opposition rests on the faulty legal premise that "the *Twombly* and *Iqbal* decisions do not change the established pleading standard." Pl.'s Opp'n at 3:8-9. This Court rejected this argument in *Smartmetric* and *Clayton*,[1] yet Medsquire does not acknowledge—let alone attempt to distinguish—these, or other numerous contrary decisions which are cited in Quest's Motion (except for one case discussed below).

Instead, the Opposition misrepresents Quest's arguments, and does not respond to Quest's actual arguments showing how the Complaint fails to meet the *Twombly-Iqbal* plausibility standard. Medsquire's other miscellaneous arguments—for example, it has offered to provide an infringement claim chart to the defendants —are meritless. Nor is there any support for Medsquire's allegation of default by the eleven Defendants that joined Quest's Motion. Plaintiff's Opposition lacks merit, and the Complaint should be dismissed.

## II. ARGUMENT

### A. Medsquire Misrepresents Quest's Arguments and Fails to Respond to Them.

As an initial matter, Medsquire's Opposition contains several significant misrepresentations of Quest's arguments that require correction.

First, without providing any citation, Medsquire erroneously asserts that "Quest acknowledges that the Complaint satisfies the pleading standard set forth in Rule 8 and Form 18 of the Federal Rules of Civil Procedure." Pl.'s Opp'n at 2:5-6.

---

[1] The Court's orders in *Smartmetric Inc. v. MasterCard Inc.*, No. 2:10-cv-01864, slip op. (C.D. Cal. July 8, 2010) ("*Smartmetric*"), and *Clayton v. Fisher Price, Inc.,* No. 2:09-cv-06891, slip. op. (C.D. Cal. June 1, 2010) ("*Clayton*"), were submitted as Exs. **1** and **2.** (Doc. Nos. 41-3, 41-4.) Numerical Exhibits referred to herein are exhibits attached to the Declaration of D. James Pak In Support of Quest's Motion to Dismiss. (Doc. No. 41-2.)

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

1   Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS INCORPORATED'S REPLY ISO MOTION TO DISMISS

1  Medsquire repeats its assertion that "the Complaint easily satisfies the Rule 8 pleading
2  standard, and Quest does not contend otherwise." *Id.* at 3:17-18.  These statements
3  misrepresent Quest's arguments.  As summarized below, Quest argued the exact
4  opposite.

5  Quest's Motion or supporting Memorandum makes no "acknowledgement" that
6  Medsquire's Complaint satisfies the pleading standard set forth in the rules.
7  Medsquire cannot provide any citation to support its faulty assertions because Quest
8  made no such "acknowledgement."  To the contrary, Quest argued that in view of (i)
9  the Supreme Court's decisions in *Twombly* and *Iqbal*; (ii) this Court's orders in
10 *Smartmetric* and *Clayton*; and (iii) additional decisions from other courts in this and
11 other districts, Medsquire's Complaint ***fails*** to satisfy the pleading standard set forth
12 in Rule 8 of the Federal Rules of Civil Procedure and applicable case law.  *See, e.g.,*
13 Quest's Mem. In Support of Quest's Motion to Dismiss ("Quest's Mem."), at 4, 6-9.
14 (Doc. No. 41-2.)  Quest's opening Memorandum expressly argues that Rule 8 requires
15 "a showing, rather than a blanket assertion of, entitlement to relief . . . that is plausible
16 on its face," and that Medsquire's conclusory legal assertions are devoid of any factual
17 allegations and fail "to show the requisite plausibility of its claims under the
18 *Twombly-Iqbal* pleading standard." *Id.* at 4:15-19; 1:18-19 (citations omitted).

19 Second, Medsquire inexplicably asserts that "no defendant asserts that the
20 infringement allegations are not 'plausible in [*sic*] its face.'" Pl.'s Opp'n at 3:23-24.
21 (Doc. No. 65.)  This statement does not make any sense.  Quest argued *in passim* in its
22 opening brief that Medsquire's infringement allegations fail to show the plausibility of
23 Medsquire's claims.[2]  On the very first page of its brief, Quest argued,

24     Medsquire's Complaint fails to adequately inform Quest as to the nature
25     of Medsquire's claims and <u>simply fails to show the requisite plausibility</u>
26     <u>of its claims</u> under the *Twombly-Iqbal* pleading standard.

27

28 [2] The words "plausible" or "plausibility" appears sixteen (16) times in Quest's fifteen-page brief.

Quest's Mem. at 1:16-19 (emphasis added).  With respect to Medsquire's direct infringement claims, Quest argued,

> Medsquire's Complaint makes no attempt to identify what component(s) or aspect(s) of the Care360 system allegedly infringe(s) any of the 24 method claims (including 7 independent claims) of the '526 patent. Medsquire's <u>Complaint does not provide any factual allegations to show the plausibility of its claims</u> whatsoever.

*Id.* at 7:2-6 (emphasis added). *See also, id.* at 7:24-25.  With respect to Medsquire's inducement claim, Quest argued that Medsquire's Complaint

> offers no facts to support Medsquire's conclusory assertion that Quest had knowledge of the '526 patent. It also contains no factual allegation suggesting that Quest knew or was willfully blind to facts suggesting that its actions would induce direct infringement of the '526 patent by others. . . . <u>There is simply no factual content from these allegations to infer that Medsquire's inducement claim is plausible</u>.

*Id.* at 9:23-27; 10:20-21 (emphasis added).  With respect to Medsquire's contributory infringement claim, Quest argued that Medsquire's allegations (i) do not provide any factual bases for Medsquire's conclusory claims regarding "the knowledge of the '526 patent," "non-staple article" and "an infringing system or method," and (ii) thus "<u>cannot show any plausibility of Medsquire's contributory claim</u>." *Id.* at 11:10-14; 11:21-23 (emphasis added).  In light of these multiple and unambiguous arguments in Quest's Memorandum, Medsquire's misrepresentation that "no defendant asserts that the infringement allegations are not 'plausible in [*sic*] its face,'" is untenable.

Medsquire's misrepresentation of Quest's arguments is significant and dispositive of the instant motion, because on the basis of this erroneous assertion, Medsquire concludes that "Nothing more is required." Pl.'s Opp'n at 3:24.  Instead of offering any specific, substantive response to Quest's failure to show plausibility arguments, Medsquire conclusorily insists that its "Complaint easily satisfies the Rule

1  8 pleading standard." Pl.'s Opp'n at 3:17. Medsquire's explanation, copied below, is
2  just as conclusory and just as deficient as its allegations in the Complaint that are
3  subject to Quest's Motion:

4      [t]he Complaint . . . states what each defendant does to directly infringe
5      the patent, . . what each defendant does to contribute to and induce
6      infringement of the patent, and it recites each element for each cause of
7      action.

8  *Id.* at 3:18-23. Yet, Medsquire did not identify in its Complaint, and does not identify
9  in its Opposition, "what each defendant does to directly infringe" and "what each
10 defendant does to contribute to and induce infringement of the patent."

11     As discussed in Quest's Memorandum, Medsquire's allegations comprise
12 almost entirely of legal conclusions without any factual content that would suggest the
13 plausibility of its claims. Other than an allegation that Quest makes, uses, sells and/or
14 offers to sell its Care360 system, there is no factual content concerning "what [Quest]
15 does" to infringe directly or indirectly. As the Supreme Court and this Court have
16 repeated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere
17 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct.
18 1937, at 1949-50; *accord Clayton,* slip op. at 3, Ex. **2** at 14. (Doc. No. 41-4.) As a
19 result of these deficiencies, Medsquire's Complaint is insufficient to provide Quest a
20 fair notice of Medsquire's claims and should be dismissed.

21     **B.    Medsquire's Opposition Is Based On Rejected Legal Premises.**

22     With no factual content in its Complaint to support its direct and indirect
23 infringement claims, Medsquire bases its Opposition on the faulty legal premises that
24 "the *Twombly* and *Iqbal* decisions do not change the established pleading standard,"
25 and that "California courts cannot unilaterally adopt more stringent pleadings
26 standards." Pl.'s Opp'n at 3:8-9; 4:3-4. This is contrary to the settled law and this
27 Court's order in *Smartmetric*.

28     This Court noted in *Smartmetric* that "the 'plausible claim for relief' standard

from *Iqbal* <u>alters</u> the evaluation of the sufficiency of a complaint…" Ex. **1** at 8 n. 2 (emphasis added) (citation omitted). (Doc. No. 41-3.)  Contrary to Medsquire's contention, the U.S. Supreme Court – not California courts – provided the guidelines for evaluating the sufficiency of a complaint.  Medsquire's Opposition completely ignores and does not discuss this Court's decisions in *Smartmetric* and *Clayton*, and the many other decisions cited in support of Quest's motion.[3] These cases uniformly reject Medsquire's contentions in its Opposition.

Medsquire erroneously asserts that "<u>any</u> claim for patent infringement containing the level of specificity set forth in Form 18 satisfies Rule 8 as interpreted in the *Twombly* and *Iqbal* decisions." Pl.'s Opp'n at 3:13-15 (emphasis added).  This is wrong and insupportable.  When examining the sufficiency of pleadings to support <u>indirect</u> infringement claims, the courts almost uniformly held that the level of specificity in Form 18 does not satisfy the pleading requirement.  For example, in an opinion cited in and submitted as an attachment to Quest's motion, Judge Pfaelzer held that:

> Because Form 18 does not model patent claims and counterclaims other than claims for direct infringement, Rule 8 will not require a court to accept as sufficient other claims. . . . Therefore, this Court agrees with those district courts that have held that claims of indirect infringement must be pleaded subject to the requirements of Federal Rules of Civil Procedure 8(a)(2) as interpreted by the Supreme Court in *Twombly* and *Iqbal*. Thus, to survive the motion to dismiss, the claims for indirect infringement "must contain sufficient factual matter, accepted as true, to

---

[3] Medsquire appears to be critical of Magistrate Judge Seeborg's opinion in *Elan v. Microelec. Corp. v. Apple, Inc.,* 2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009).  That opinion was cited with approval by this Court in *Smartmetric*. Ex. **1**, at 6. Medsquire attempts to distinguish the instant case by noting that Apple failed to plead the additional elements required to assert claims of contributory infringement and inducement." Pl.'s Opp'n at 4.  However, this is precisely what Quest argued: that Medsquire's Complaint fails to plead elements required to assert claims of contributory infringement and inducement.  Quest's Mem. at 9-14.

'state a claim to relief that is plausible on its face.'"

*Microsoft Corp. v. Phoenix Solutions, Inc.,* No. 2:10-cv-03846, slip op. at 3 (C.D. Cal. Nov. 4, 2010) (citations omitted), Ex. **4** at 26. (Doc. No. 41-6.)  *See also*, *Weyer v. MySpace, Inc*., No. 2:10-cv-00499, slip op. at 4 (C.D. Cal. June 17, 2010), Ex. **5** at 33 (Doc. No. 41-7); *Elan Microelecs. Corp. v. Apple, Inc*., No. C 09-01531, 2009 U.S. Dist. LEXIS 83715, at *6-7 (N.D. Cal. Sept. 14, 2009).  This Court adopted the same approach in dismissing indirect infringement claims and in requiring more details than found in Form 18 in *Clayton v. Fisher Price, Inc.,* No. 2:09-cv-06891, slip. op. at 3-5, Ex. **2** at 14-16. (Doc. No. 41-4.)

Against this weight of authority, Medsquire misinterprets *Mark IV Industries, Corp. v. Transcore LP*, 2009 U.S. Dist. LEXIS 112069 (D. Del. Dec. 2, 2009), in support of its contention that "any claim for patent infringement containing the level of specificity set forth in Form 18" is sufficient.  Pl.'s Opp'n at 3:13-16.  That opinion from Delaware – which is not binding on this Court – makes clear that Judge Sleet was addressing allegations for a <u>direct</u> infringement claim only, not any and all claims for patent infringement as Medsquire asserts.  *See Mark IV*, 2009 U.S. Dist. LEXIS 112069, at *7-8 ("Mark IV also avers that . . . that TransCore directly infringes these patents. . . The court disagrees that *Iqbal* has such an effect on pleading direct patent infringement.").

According to this Court and many other courts cited in Quest's motion, however, indirect infringement claims must contain sufficient factual allegations to show the plausibility of the indirect infringement claims.  Medsquire's Complaint does not provide sufficient factual allegations (i) to show that Quest and the Joining Defendants had the requisite knowledge of the patent-in-suit and a specific intent to encourage others to infringe, (ii) to show that the accused products are non-staple articles incapable of substantial non-infringing use, or (iii) to identify specific instances of direct infringement. *See* Quest's Mem. at 9:6-10:2; 10:25-11:23; 13:4-14:12.  Accordingly, Medsquire's allegations relating to the alleged indirect

Baker & McKenzie LLP
San Diego

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS INCORPORATED'S REPLY ISO MOTION TO DISMISS

infringement claims do not meet the *Twombly-Iqbal* pleading standard and should be dismissed.

As to the direct infringement claims, Quest noted the split of authority among the courts in the Ninth Circuit regarding whether allegations of direct infringement claims need to comport with Form 18 only. *Id.* at 6:4-17 (quoting *RPost Holdings, Inc. v. Swiss Post*, No. 2:10-cv-09880, slip op. at 3 (C.D. Cal. July 12, 2011)). This issue, along with the Federal Circuit's opinion in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007), has already been considered by this Court.[4] In *Smartmetric*, this Court examined *McZeal* and existing case law and required that the allegations "identify adequately which of Defendants' products or components of Defendants' products [are] alleged to do what the [patent-in-suit] does." *Id.* at 6. (Ex. **1** at 9.)

This is the precise argument Quest made in its Memorandum. Quest Mem. at 6-7. Medsquire's Complaint is devoid of any factual content to support a reasonable inference that Quest's Care360 system infringes the patent-in-suit. Medsquire's insistence that it only needs to identify Care360 system as the accused system is inconsistent with this Court's ruling in *Smartmetric* and should be rejected.

**C.  Medsquire's Other Miscellaneous Arguments Are Meritless.**

The remaining arguments in Medsquire's Opposition do not merit serious consideration.

Medsquire argues that the Court should overlook the deficiencies in its Complaint because it offered to provide an infringement claim chart and has provided one to at least six defendants. Pl.'s Opp'n at 3:25-4:1. This argument underscores the deficiencies of Medsquire's Complaint in failing to provide fair notice of its claims to the defendants. Those defendants to whom Medsquire has not provided claim charts

---

[4] In *Smartmetric*, the Court noted the "less demanding" standard applicable to the *pro se* pleading in *McZeal* and that the *pro se* plaintiff in *McZeal* "described the means by which defendant allegedly infringed plaintiff's patent." The Court agreed with Judge Fogel that the "plausible claim for relief" standard from *Iqbal* "alters the evaluation of the sufficiency of a complaint." *Smartmetric,* slip op. at 5. (Ex. **1** at 8.)

are still left in the dark as to the factual bases of Medsquire's infringement claims. If Medsquire believes providing such a claim chart can cure the deficiencies in its Complaint, it should have included its contents (or summary thereof) in the Complaint. Further, while a claim chart may inform defendants of the nature of Medsquire's direct infringement claims, a claim chart is unlikely to address the requisite elements of the contributory infringement claim or the inducement to infringe claim.

Medsquire ironically complains that the effort it would take to bring the Complaint in compliance with the pleading standards constitutes unnecessary "'make-work' that needlessly drives up the cost of litigation." *Id.* at 3:28-4:1. It is <u>Medsquire</u> that filed the Complaint that fails to provide sufficient notice of its claims. It is <u>Medsquire</u> that refuses to amend the Complaint despite the clear case law dismissing similarly deficient complaints. Medsquire's refusal to comply with the accepted pleading standards of this Court and this District is what needlessly is driving up the cost of this litigation.

### III. MEDSQUIRE'S "ASIDE" ALLEGING DEFAULT BY THE JOINING DEFENDANTS IS GROUNDLESS AND SHOULD BE DISREGARDED.

Plaintiff asserts, "as an aside," that all eleven Defendants that joined Defendant Quest's Motion to Dismiss (the "Joining Defendants")[5] are in default because they only *joined* Quest's Motion and did not separately move to dismiss. Plaintiff cites no authority for this proposition. Plaintiff's argument appears to be that the Joining Defendants only joined in Quest's Motion for Plaintiff's claims against *Quest* to be dismissed. This argument lacks merit.

First, the Joining Defendants certainly could have each separately filed a

---

[5] The Joining Defendants are Hewlett-Packard Company, Nextgen Healthcare Information Systems, Henry Schein Medical Systems, EClinical Works, Med3000, Pulse Systems, Compulink Business Systems, Navinet, SucessEHS, AthenaHealth, and Aprima Medical Software.

motion for dismissal – each which would have been identical to Quest's Motion apart from the names of the Defendant and associated accused product.  Instead, in the interest of efficiency and the conservation of private and judicial resources, and consistent with customary practice, the Joining Defendants together filed a Joinder in Quest's Motion (Doc. No. 43) (the "Joinder").  Joining Defendants utilized this efficient practice in order to effectuate their joinder while avoiding unnecessary, duplicative filings. Defendants' Joinder clearly reflects that each Joining Defendant is thereby separately moving for the dismissal of Plaintiff's individual claims as against each joining Defendant.  Were this not the case, nearly the entire substance of the Joinder would make no sense.  For example, the express articulation that "Plaintiff Medsquire, LLC's claims against each joining defendant are identical to its claims against Quest except for the name of the accused product, and therefore, they are deficient for the same reasons stated in Quest's Motion," would serve no purpose if the Joinder, as Plaintiff suggests, merely amounts to group support to dismiss the claims against Quest.  Notice of Joinder at 2. (Doc. No. 43.)  The same is true with respect to the Joinder's separate enumeration of the particular paragraphs of the Complaint that apply to each individual Joining Defendant. *Id.*

      Clearly, the Joining Defendants have not failed to "plead or otherwise defend," and are therefore not in default. Fed. R. Civ. P. 55(a). All Joining Defendants have explicitly and timely represented that Plaintiff's claims are infirm as against themselves, and specifically adopted the argument and authorities in Quest's Motion in this regard.  Such individualized challenge to the sufficiency of the Complaint by each Joining Defendant precludes a default. *See Rashidi v. Albright*, 818 F. Supp. 1354, 1355-56 (D. Nev. 1993) ("it is generally held that challenges to matters such as service, venue and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading. … It is undisputed that a motion challenging a complaint for failure to state a claim upon which relief can be granted falls squarely within the ambit of the phrase 'otherwise defend.'").  This is therefore not a case in

which the Joining Defendants have failed to respond to the Complaint. *See Giampaoli v. Califano*, 628 F.2d 1190, 1193 (9th Cir. 1980). Further, all Joining Defendants participated in the preparation of the Joint Pretrial Report. *Cf.* Fed. R. Civ. P. 16(f)(1) (authorizing entry of default for failure to participate in pretrial conference or scheduling procedures). Therefore, Plaintiff's "aside" should be disregarded.

As to Plaintiff's response regarding Aprima specifically, Plaintiff's argument that the Federal Rules prevent the filing of a motion to dismiss after an answer deadline has passed is baseless. Plaintiff cites no authority for its position. Moreover, Plaintiff fails to address the universal case law directly on point in support of Aprima.

Specifically, "motions to dismiss are permissible and timely even when filed after an answer was due and without an extension of time." *Mat-Van, Inc. v. Sheldon Good & Co. Actions, LLC,* 2007 WL 2206946, at *3 (C.D. Cal. July 27, 2007) (citing *Luv N' Care, Ltd. v. Babelio, S.A.,* 306 F. Supp.2d 468, 471-73 (S.D.N.Y. 2004); *In re Union Nat. Bank & Trust Co. of Souderton, Pa.*, 287 F. Supp. 431, 433 (E.D. Pa. 1968); *Koncewicz v. East Liverpool City Hospital*, 31 F. Supp. 122 (W.D. Pa. 1940); *Marbly v. Home Properties of New York*, 183 F. Supp. 2d 950, 954 (E.D. Mich. 2002)). Accordingly, Aprima's standing before the Court is not affected by the timing of its motion to dismiss after the expiration of its answer deadline. Aprima's Joinder in Quest's motion to dismiss should be considered along with the Joining Defendants' Joinder and Quest's motion to dismiss.

## IV.   CONCLUSION

In view of the foregoing, Quest and Joining Defendants respectfully submit that Medsquire's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Dated: August 29, 2011

Respectfully Submitted,

BAKER & McKENZIE LLP

By: _____/s/ D. James Pak_____
D. James Pak

Attorney for Defendant QUEST DIAGNOSTICS INCORPORATED

SPRING MEDICAL SYSTEMS, INC.

PEPPER HAMILTON LLP

By _____/s/Jack B. Smyth_____
Jack B. Smyth

President and Chief Executive Officer for Defendant SPRING MEDICAL SYSTEMS, INC.

By: _____/s/Jeffrey M. Goldman_____
Jeffrey M. Goldman

Attorney for Defendant NEXTGEN HEALTHCARE SYSTEMS, INC.

PROSKAUER ROSE LLP

GIBSON, DUNN & CRUTCHER LLP

By _____/s/Baldassare Vinti_____
Baldassare Vinti

Attorney for Defendant HENRY SCHEIN MEDICAL SYSTEMS, INC.

By _____/s/Jeffrey T. Thomas_____
Jeffrey T. Thomas

Attorney for Defendant HEWLETT-PACKARD COMPANY

| | |
|---|---|
| BRYAN CAVE LLP | REED SMITH LLP |
| By  */s/John W. Amberg*  <br>    John W. Amberg | By  */s/Scott D. Baker*  <br>    Scott D. Baker |
| Attorney for Defendant and Counterclaimant eCLINICALWORKS, LLC | Attorney for Defendant MED3000, INC. |
| EVANS & DIXON LLC | SOCAL IP LAW GROUP LLP |
| By  */s/Don V. Kelly*  <br>    Don V. Kelly | By  */s/Michael Harris*  <br>    Michael Harris |
| Attorney for Defendant PULSE SYSTEMS, INC | Attorney for Defendant COMPULINK BUSINESS SYSTEMS, INC. |
| PRICE & ADAMS, P.C. | MITCHELL SILBERBERG & KNUPP LLP |
| By  */s/John M. Adams*  <br>    John M. Adams | By  */s/Karin G. Pagnanelli*  <br>    Karin G. Pagnanelli |
| Attorney for Defendant NAVINET, INC. | Attorney for Defendant SUCCESSEHS, INC. |
| WOLF, GREENFIELD & SACKS, P.C. | KANE RUSSELL COLEMAN & LOGAN PC |
| By  */s/Gerald B. Hrycyszyn*  <br>    Gerald B. Hrycyszyn | By  */s/Kevin P Perkins*  <br>    Kevin P. Perkins |
| Attorney for Defendant ATHENAHEALTH, INC. | Attorney for Defendant APRIMA MEDICAL SOFTWARE, INC. |

Baker & McKenzie LLP
San Diego

12

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS INCORPORATED'S REPLY ISO MOTION TO DISMISS