UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   2:11-cv-04504-JHN –PLA                              Date:  August 31, 2011
Title:        Medsquire LLC v. Spring Medical Systems Inc et al

Present:  The Honorable JACQUELINE H. NGUYEN

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:
           Not Present                                          Not Present

**Proceedings:** ORDER GRANTING MOTION TO DISMISS   (In Chambers)

   This matter is before the Court on Defendant Quest Diagnostics' Motion to Dismiss Plaintiff's Complaint ("Motion," docket no. 41), filed on July 18, 2011, which is joined by all other named Defendants (collectively, "Defendants").  The Court has read and considered the parties' submissions in connection with the Motion.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  Accordingly, the hearing set for September 12, 2011, is removed from the Court's calendar.  For the reasons set forth below, the Motion to Dismiss is GRANTED.

I.   BACKGROUND

   On May 25, 2011, Plaintiff Medsquire, LLC ("Plaintiff") filed a complaint against Quest Diagnostics and fifteen other defendants, alleging (1) direct infringement of U.S. Patent No. 5,682,526 (the "'526 Patent'); (2) indirect infringement of the '526 Patent; and (3) contributory infringement of the '526 Patent.

   The '526 patent is entitled, "Method and System for Flexibly Organizing, Recording, and Displaying Medical Patient Care Information Using Fields in a Flowsheet."  (Compl. Ex. A.)  This patent intends to "enable users to customize a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   2:11-cv-04504-JHN –PLA | Date:  August 31, 2011 |
| Title:   Medsquire LLC v. Spring Medical Systems Inc et al | |

patient information hierarchy, which defines and organizes the information that may be stored about each patient . . . ." (*Id.*)

## II.   LEGAL STANDARD

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a Rule 12(b)(6) motion to dismiss, a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

If the Court dismisses the complaint, it must decide whether to grant leave to amend.  Denial of leave to amend is "improper unless it is clear that the complaint could not be saved by any amendment."  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005) (citation omitted).

## III.   DISCUSSION

### A.   Direct Infringement

Federal Rule of Civil Procedure 8(a) states that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-04504-JHN –PLA                              Date:  August 31, 2011
Title:         Medsquire LLC v. Spring Medical Systems Inc et al

The main issue here is whether a pleading that follows Form 18, appended to the Federal Rules of Civil Procedure and entitled, "Complaint for Infringement of Patent," is sufficient in light of the Supreme Court's decisions in *Twombly* and *Iqbal*. Those decisions require that a plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949. That is, a plaintiff must "nudge[] [his] claims across the line from conceivable to plausible." *Twombly* at 570.

District courts within the Ninth Circuit differ on whether a direct patent infringement claim must be plead conformance with the "plausibility" standard set forth in *Twombly* and *Iqbal*. *Compare Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F.Supp.2d 1156, 1158 (C.D. Cal. 2010) (Form 18 sufficient), *and Apple Inc. v. Eforcity Corp.*, 2011 WL 1302632 (N.D. Cal. Apr. 5, 2011) (Form 18 sufficient), *with Tseng v. Marukai Corp. U.S.A.*, 2009 WL 3841933 (C.D. Cal. Nov. 13, 2009) (plausibility standard required), *and Bender v. LG Electronics U.S.A., Inc.*, 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) (plausibility standard required).

Plaintiff argues that the Federal Circuit's decision in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007), dictates that pleading in conformance with Form 18 is sufficient. (Opp. at 4.) The Court disagrees for several reasons. First, *McZeal* was decided prior to the Supreme Court's decision in *Iqbal*. In *Iqbal*, the Supreme Court explicitly expanded *Twombly*'s "plausibility" standard beyond the antitrust arena and set up a framework for analyzing the sufficiency of pleadings under Fed. R. Civ. P. 8(a). *Iqbal* at 1949-50. As such, there is no reason to believe that the Supreme Court intended to exclude patent infringement claims from the "plausibility" requirement of Rule 8(a). For this Court to read in such an inconsistency would make little sense. Second, *McZeal* dealt with a narrow circumstance, which is not at issue here: a lawsuit brought by a *pro se* plaintiff, who the Federal Circuit held to "less stringent standards than formal pleadings drafted by lawyers." *McZeal* at 1356 ("Because McZeal met the low bar for *pro se* litigants to avoid dismissal . . . we vacate the trial court's dismissal . . . .").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | | |
|---|---|---|
| Case No. | 2:11-cv-04504-JHN –PLA | Date:  August 31, 2011 |
| Title: | Medsquire LLC v. Spring Medical Systems Inc et al | |

Moreover, since *McZeal*, the Federal Circuit has noted that a complaint must have "facial plausibility."  *Colida v. Nokia, Inc.*, 2009 WL 3172724 at *1-*2 (Fed. Cir. 2009) (nonprecedential) (citing *Iqbal* at 1949).  The Federal Circuit has additionally noted that Form 18 is "not tailored to design patents and was last updated before the Supreme Court's *Iqbal* decision." *Id.* at n. 2.

Therefore, this Court, as it stated previously in *Smartmetric Inc. v. Mastercard Inc.*, agrees with those courts that apply *Iqbal* and *Twombly*'s "plausibility" standard to direct patent infringement actions.  No. 2:10-cv-01864-JHN-FMOx (C.D. Cal. July 8, 2010).  As a result, with regard to Plaintiff's direct infringement claim, this court need not accept as true conclusory legal allegations cast in the form of factual allegations.  *Twombly* at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*  Instead, a complaint must contain sufficient factual matter to make its allegations plausible. *Id.* at 556.

Here, Plaintiff's entire allegation of direct patent infringement against Defendant is as follows:

> "Defendant Quest has directly infringed and continues to directly infringe the '526 Patent by making, using, selling, and/or offering for sale its Care360 system, which embodies and/or otherwise practices one or more of the claims of the '526 patent.  As a direct and proximate result of Quest's infringement of the '526 patent, Plaintiff has been and continues to be damaged in an amount yet to be determined." (Compl. ¶ 23.)

Its direct infringement allegations against all other Defendants are identical except for changing the Defendant's name.  (Compl. ¶¶ 22-35.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | | |
|---|---|---|
| Case No. | 2:11-cv-04504-JHN –PLA | Date:  August 31, 2011 |
| Title: | Medsquire LLC v. Spring Medical Systems Inc et al | |

This allegation contains nothing more than a "[t]hreadbare recital[] of the elements of" direct patent infringement.  *Twombly* at 555.  The Court need not accept these as true.  *Id.*  Once these conclusory recitals are removed from consideration, the complaint is devoid of any factual allegation to support a plausible claim for relief.  *Id.*  Plaintiff fails to include any facts identifying what aspect of the "Care360 system" infringes its patents.  Merely naming a product and providing a conclusory statement that it infringes a patent is insufficient to meet the "plausibility" standard set forth in *Twombly* and *Iqbal*.

Therefore, Defendant's motion to dismiss Plaintiff's claim for direct patent infringement is GRANTED with leave to amend.

### B. Indirect and Contributory Infringement

Form 18 is inapplicable to claims of indirect or contributory infringement.  *See Halton Co. v. Streivor, Inc.*, 2010 WL 2077203 at *3 (N.D. Cal. May 21, 2010) ("Nowhere in Form 18 are theories and elements of induced infringement or contributory infringement referenced"); *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 at *2 (N.D. Cal. Sept. 14, 2009); *Frank M Weyer et al v. MySpace Inc.*, No. 2:10-cv-00499 (C.D. Cal. June 17, 2010).  Therefore, the "plausibility" standards of *Twombly* and *Iqbal* apply to these allegations without debate.

Plaintiff's allegation of indirect infringement is as follows:

"On information and belief, Defendant Quest has indirectly infringed and continues to indirectly infringe the '526 patent by actively inducing direct infringement by other persons – specifically, customers and partners of Quest, who make, use, sell or offer for sale its Care360 system . . . ." (Compl. at ¶ 38).

Plaintiff's allegation of contributory infringement is as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | 2:11-cv-04504-JHN –PLA | Date:  August 31, 2011 |
| Title: | Medsquire LLC v. Spring Medical Systems Inc et al | |

"On information and belief, Defendant Quest has contributorily infringed and continues to contributorily infringe the '526 patent by providing non-staple articles of commerce to others for use in an infringing system or method with knowledge of the '526 patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '526 patent . . . ."  (Compl. at ¶ 53).

Plaintiff's indirect and contributory infringement allegations against the other Defendants are virtually identical, except for changing the name of the Defendant. (Compl. at ¶¶ 36-65.)

Plaintiff's allegations of indirect and contributory infringement, like its allegations of direct infringement, fail to do more than provide "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Twombly* at 555.  Plaintiff's allegations provide nothing more than "naked assertions devoid of further factual enhancement." *Iqbal* at 1949.  Plaintiff is required to do more than state in a conclusory manner that Defendant has infringed the '526 patent, thus causing injury.  The allegations should include, at a minimum, a description of how the "Care360 system" infringes.

Therefore, Defendant's Motion to Dismiss Plaintiff's Second and Third Causes of Action is GRANTED with leave to amend.

IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint (docket no. 41) is GRANTED with leave to amend.  Plaintiff must file an Amended Complaint by no later than September 26, 2011.  Failure to do so will result in dismissal of this action with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-04504-JHN –PLA                                   Date:  August 31, 2011
Title:      Medsquire LLC v. Spring Medical Systems Inc et al

IT IS SO ORDERED.

                                        ___: N/A
                         Initials of Preparer   AM