1  HARRY P. "HAP" WEITZEL
   (WEITZELH@PEPPERLAW.COM)
2  JEFFREY M. GOLDMAN
   (GOLDMANJ@PEPPERLAW.COM)
3  PEPPER HAMILTON LLP
   4 PARK PLAZA, SUITE 1200
4  IRVINE, CALIFORNIA  92614
   TELEPHONE:  (949) 567-3500
5  FACSIMILE:  (949) 863-0151

6  ATTORNEYS FOR DEFENDANT NEXTGEN
   HEALTHCARE SYSTEMS, INC.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | MEDSQUIRE, LLC                    ) Case No. CV11-4504-JHN (PLAx)
                                       )
12 |                  Plaintiff,       )
                                       )
13 | vs.                               ) **DEFENDANTS' JOINT MOTION**
                                       ) **TO DISMISS ALL BUT ONE**
14 | QUEST DIAGNOSTICS, INC.;          ) **DEFENDANT FOR MISJOINDER**
   | NEXTGEN HEALTHCARE                ) **UNDER FEDERAL RULE OF CIVIL**
15 | INFORMATION SYSTEMS, INC.;        ) **PROCEDURE 20**
   | HENRY SCHEIN MEDICAL SYSTEMS,)
16 | INC.; HEWLETT-PACKARD             )
   | COMPANY; APRIMA MEDICAL           )
17 | SOFTWARE, INC.;                   )
   | eCLINICALWORKS, LLC; MED3000,     )
18 | INC.; PULSE SYSTEMS, INC.;        )
   | COMPULINK BUSINESS SYSTEMS,       )
19 | INC.; NAVINET, INC.; athenaHEALTH,)
   | INC.                              )
20 |                                   )
   |                  Defendants.      )
21 |                                   )
   |                                   )
22 | _____ )
   |                                   )
23 | eCLINICALWORKS, LLC;              )
   |                                   )
24 |                  Counterclaimant, )
   |                                   )
25 | vs.                               )
   |                                   )
26 | MEDSQUIRE, LLC;                   )
   |                                   )
27 |                  Counterdefendant.)
   | _____ )
28

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................III

I.      BACKGROUND.....................................................................................1

II.     PLAINTIFF'S ATTEMPT TO JOIN THE DEFENDANTS IN THIS ACTION VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 20. ...........................................................................2

        A.    Governing Law.............................................................................2

        B.    Plaintiff's Misguided Attempt to Group Defendants Is Insufficient to Support Joinder.....................................................3

III.    ALLOWING PLAINTIFF TO JOIN THE ACCUSED DEFENDANTS IN ONE ACTION WOULD UNFAIRLY PREJUDICE THE DEFENDANTS.........................................................7

IV.     THE AMERICA INVENTS ACT SPECIFICALLY PROHIBITS THE JOINDER OF THE SEVERAL DEFENDANTS IN ONE ACTION. ...........................................................................9

V.      DISMISSAL OF ALL BUT ONE DEFENDANT IS THE PROPER REMEDY. ......................................................................10

VI.     CONCLUSION ....................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Androphy v. Smith & Nephew, Inc.</u>,
  31 F. Supp.2d 620 (N.D. Ill. 1998) ........................................................5

<u>Coughlin v. Rogers</u>,
  130 F.3d 1348 (9th Cir. 1997)..................................................3, 10

<u>DirecTV v. Loussaert</u>,
  218 F.R.D. 639 (S.D. Iowa 2003) ...........................................................3

<u>EIT Holdings LLP v. Yelp!, Inc.</u>,
  2011 U.S. Dist. LEXIS 64034 *4-5 (N.D. Cal. May 12, 2011) ............................5

<u>Golden Scorpio Corp. v. Steel Horse Bar & Grill</u>,
  596 F. Supp. 2d 1282 (D. Ariz. 2009) ......................................................5

<u>Insituform Tech., Inc. v. CAT Contracting, Inc.</u>,
  385 F.3d 1360 (Fed. Cir. 2004)............................................................3

<u>IO Group, Inc. v. Does 1-435</u>,
  2011 U.S. Dist. LEXIS 14123 (N.D. Cal. Feb. 3, 2011)....................................5

<u>Joao Control & Monitoring Sys. of Cal. v. Acti Corp. Inc.</u>,
  CV 10-01909-DOC (C.D. Cal. Apr. 13, 2011)................................................5

<u>Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Ass'n, Inc.</u>,
  525 F. Supp. 2d 1049 (N.D. Ill. 2007).....................................................3

<u>Multi-Tech Sys. v. Net2Phone, Inc.</u>,
  2000 U.S. Dist. LEXIS 22683 (D. Minn. 2000) ............................................5

<u>Nazomi Comm. Inc. v. Samsung Telecomm. Am., LLC</u>,
  CV 10-05545-WHA (N.D. Cal. Sept. 28, 2011)...............................................4

<u>New Jersey Mach. Inc. v. Alford Ind. Inc.</u>,
  1991 U.S. Dist. LEXIS 20376 *4, 5(D.N.J. 1991) .........................................5

<u>Olympic Development AG, LLC v. Microsoft Corp.</u>,
  CV 10-8874-GWA, Doc. 60 (C.D. Cal. Feb. 3, 2011) .......................................5

<u>Optimum Power Sol'ns. LLC v. Apple, Inc.</u>,

CV 11-1509-SI (N.D. Cal. Sept. 20, 2011) .................................................................4

Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
   564 F. Supp. 1358 (D. Del. 1983) ...............................................................6

Pergo, Inv. v. Alloc, Inc.,
   262 F. Supp. 2d 122 (S.D.N.Y. 2003) ...........................................................6

Philips Elecs. N. Am. Corp. v. Contec Corp.,
   220 F.R.D. 415 (D. Del. 2004)..................................................................6, 8

Piao Shang Ind. Co. Ltd., v. Acco Brands Corp.,
   CV 11-2639-PA (C.D. Cal. July 19, 2011) .......................................................5

Siemens Aktiengesellschaft v. Sonotone Corp.,
   370 F. Supp. 970 (N.D. Ill. 1973) ..............................................................6

Sorensen v. DMS Holdings,
   2010 U.S. Dist. LEXIS 124516 *1-2, 3 (S.D. Cal. Nov. 24, 2010)........................5

Spread Spectrum Screening, LLC v. Eastman Kodak Co.,
   2010 U.S. Dist. LEXIS 90549 *6 (N.D. Ill. Sept. 1, 2010)................................5

WiAV Networks, LLC v. 3Com Corp.,
   No. C 10-03448 WHA, 2010 U.S. Dist. LEXIS 110957, *19 (N.D. Cal. Oct. 1,
   2010) ...........................................................................3, 4, 7, 8

**Statutes**

35 U.S.C. § 299 ......................................................................6, 14, 15

35 U.S.C. § 299(b) ..........................................................................14

35 U.S.C. § 299(e) ..........................................................................14

Fed. R. Civ. P. 12(b)(6)......................................................................7

Fed. R. Civ. P. 20(a)(2) ...............................................................passim

Fed. R. Civ. P. 21 .......................................................................6, 8

Federal Rule of Civil Procedure 20 ..............................................7, 8, 14, 15

**Treatises**

8 Chisum on Patents § 21.03[6][a], at 21-579 – 580.........................................11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants Quest Diagnostics, Inc.; Nextgen Healthcare Information Systems, Inc.; Henry Schein Medical Systems, Inc.; Hewlett-Packard Company; Aprima Medical Software, Inc.; eClinicalWorks, LLC; MED3000, Inc.; Compulink Business Systems, Inc.; Navinet, Inc.; and athenahealth, Inc. (collectively, "Defendants") respectfully move the Court to dismiss Plaintiff Medsquire, LLC's claims against all but one Defendant. Defendants are separate companies, which make and sell separate, competing products.  Plaintiff has not, and indeed could not, allege claims against the several Defendants that arise from the same "transaction, occurrence, or series of transactions or occurrences," as required by Fed. R. Civ. P. 20(a)(2). Further, Plaintiff's attempt to join the several Defendants in this action violates the explicit provisions of the recently enacted America Invents Act, 35 U.S.C. § 299, which makes the Federal Rules' joinder provisions explicit in patent actions. Although the misjoinder provisions are not retroactive, they show the sense of Congress against joining multiple, independent defendants in a single suit. Defendants cannot, therefore, be joined in a single case. The proper remedy is dismissal of Plaintiff's claims as to all but one defendant, under Fed. R. Civ. P. 21. (Defendants moving hereby are not all of the named defendants in this case.)

## I.    BACKGROUND

Plaintiff initially filed this action in May, 2011, asserting that 14 separate, unrelated parties infringed one patent: US Patent 5,682,526, entitled Method and System for Flexibly Organizing, Recording, and Displaying Medical Patent Care Information using Fields in a Flowsheet (the "'526 Patent"). Plaintiff alleges that the '526 Patent is "directed to methods for flexibly organizing, recording, and displaying medical patient care information.  The invention discloses a software system that enables users to customize a patient information hierarchy." Amended Complaint para. 21,  DI 80. Plaintiff alleged that all Defendants "infringe the '526 Patent by making, using, offering to sell and selling electronic health record ("EHR") software, systems, and services in the United States." Plaintiff's Statement of the Claims,

1   Amended Joint Rule 26 Report, DI 60.

2   None of the Defendants is related to any other in any organizational sense.

3   None of the Defendants' accused systems is related to that of any other Defendant,

4   and Plaintiff does not so allege. Nor does Plaintiff allege that any of the accused

5   "making, using, or selling," or any other conduct forming the basis of any other claim

6   against any Defendant, is part of any concerted activity, transaction, or occurrence

7   between or among any Defendants.

8   Because Plaintiff's complaint failed to meet the pleading requirements of Fed.

9   R. Civ. P. 12(b)(6), Defendants moved to dismiss the complaint in July. See DI 41,

10   43. At the end of August, the Court granted Defendants' motion to dismiss but gave

11   Plaintiff the opportunity  to file an amended complaint. See DI 79. Plaintiff filed its

12   amended  complaint in September, again alleging infringement against the same

13   group of independent Defendants based upon unrelated conduct. See DI 80.

14   Following a conference among counsel for the parties, Plaintiff agreed to dismiss

15   without prejudice its claims of indirect infringement against Defendants, and the

16   Court entered an order granting that stipulation on October 12.  See Doc. 103.

17   Defense counsel also asked Plaintiff to sever the Defendants into separate actions

18   based on their misjoinder during the parties' conference, but Plaintiff refused,

19   necessitating this motion.

## II.   PLAINTIFF'S ATTEMPT TO JOIN THE DEFENDANTS IN THIS ACTION VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 20.

### A.   Governing Law.

22   Federal Rule of Civil Procedure 20 provides that joinder of multiple defendants

23   is permitted when "any right to relief is asserted against them jointly, severally, or in

24   the alternative with respect to or arising out of the same transaction, occurrence, or

25   series of transactions or occurrences; and [] any question of law or fact common to all

26   defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Federal Circuit has

27   held that the law of the regional circuit applies to the issue of joinder in a patent case.

28

See Insituform Tech., Inc. v. CAT Contracting, Inc., 385 F.3d 1360, 1372 (Fed. Cir. 2004). The Ninth Circuit has recognized that Fed. R. Civ. P. 20 creates a two-pronged test to be applied to questions of joinder: whether there exists a "question of law or fact common to all defendants" and whether the claims against the defendants involve "the same transaction, occurrence, or series of transactions or occurrences." See Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). Both requirements under Rule 20(a)(2) must be met; failure to meet either one will dictate dismissal or severance. Id.

The Court need not reach the "common question" test in this case because Plaintiff's complaint plainly does not satisfy the "same transaction" test. The "same transaction" requirement refers to similarity in the factual background of a claim. See Id. A "common allegation . . . does not suffice to create a common transaction or occurrence." Id. Numerous district courts have applied this rule, holding that the mere manufacture, sale, or operation by separate parties of similar products accused of infringing identical patents is alone insufficient to join unrelated parties as defendants in the same lawsuit. See, e.g., WiAV Networks, LLC v. 3Com Corp., No. C 10-03448 WHA, 2010 U.S. Dist. LEXIS 110957, *19 (N.D. Cal. Oct. 1, 2010); Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Ass'n, Inc., 525 F. Supp. 2d 1049, 1051 (N.D. Ill. 2007); DirecTV v. Loussaert, 218 F.R.D. 639, 642-43 (S.D. Iowa 2003). Ninth Circuit precedent instructs that in cases of misjoinder, a district court may either dismiss or sever the claims against the misjoined parties. See Fed. R. Civ. P. 21; Coughlin, 130 F.3d at 1350.

## B.    Plaintiff's Misguided Attempt to Group Defendants Is Insufficient to Support Joinder.

Plaintiff evidently attempts to circumvent the requirements of Federal Rule 20(a)(2) by alleging that the accused systems of all Defendants are certified to comply with federal guidelines regarding electronic health records software ("ONC Certification"), and that any system that is so certified necessarily infringes its

asserted claims:

> In July 2010, the Office of the National Coordinator (ONC) of the U.S. Department of Health and Human Services (HHS) issued a Final Rule to qualify EHR technology for the American Recovery and Reinvestment Act (ARRA). Rules governing ONC certification are published at 45 C.F.R. Part 170. Vendors who wish to claim ONC certification must be have their software tested to demonstrate conformity to all certification criteria adopted at 45 CFR Part 170, Subpart C. Each Defendant's EHR software has been tested and certified as ONC compliant. Medsquire contends that an EHR vendor must necessarily practice the claims in the '526 Patent to comply with the ONC certification requirements. For this reason, among others, Medsquire believes that each Defendant infringes one or more claims of the '526 Patent.

Plaintiff's Statement of the Case, Amended Joint Statement DI 60. See also, Amended Complaint, paras. 30-32, DI 80 ("In other words, EHR software and systems cannot receive ONC-ATCB certification under the published rules without also infringing one or more claims of the '526 patent.").

Such attenuated "grouping" of parties based on the fact that they have independently chosen to make similar business decisions, does not satisfy the requirements for joinder of parties under the Rule 20(a)(2) "transaction or occurrence" prong. See, e.g., WiAV Networks, LLC v. 3Com Corp., 2010 U.S. Dist. LEXIS 110957 *17 (N.D. Cal. Oct. 1, 2010). That standard looks to commonality of accused conduct or activity. The weight of Ninth Circuit district court decisions is in clear support of this rule. See, e.g., Nazomi Comm. Inc. v. Samsung Telecomm. Am., LLC, CV 10-05545-WHA (N.D. Cal. Sept. 28, 2011) (finding no "common transaction or occurrence" where the defendants were not alleged to have acted in concert); Optimum Power Sol'ns. LLC v. Apple, Inc., CV 11-1509-SI (N.D. Cal. Sept. 20, 2011) (finding that while the defendants were alleged to infringe the patent-in-suit in similar ways, that did not constitute a "transaction or occurrence"); Piao

1   Shang Ind. Co. Ltd., v. Acco Brands Corp, CV 11-2639-PA (C.D. Cal. July 19, 2011)

2   (finding that where there was no connection between three of the parties where they

3   merely manufactured similar products); EIT Holdings LLP v. Yelp!, Inc., 2011 U.S.

4   Dist. LEXIS 64034 *4-5 (N.D. Cal. May 12, 2011); Joao Control & Monitoring Sys.

5   of Cal. v. Acti Corp. Inc., CV 10-01909-DOC (C.D. Cal. Apr. 13, 2011) (finding no

6   "common transaction" where the defendants did not act in concert); Olympic

7   Development AG, LLC v. Microsoft Corp., CV 10-8874-GWA, Doc. 60 (C.D. Cal.

8   Feb. 3, 2011) (finding that the "common transaction" test was not met when

9   Defendants separately infringed the same product); IO Group, Inc. v. Does 1-435,

10  2011 U.S. Dist. LEXIS 14123 (N.D. Cal. Feb. 3, 2011); Sorensen v. DMS Holdings,

11  2010 U.S. Dist. LEXIS 124516 *1-2, 3 (S.D. Cal. Nov. 24, 2010) ("[A]lleging a

12  common manufacturer and infringement of the same patent is not enough to support

13  joinder where defendants are unrelated companies, selling different products.");

14  Golden Scorpio Corp. v. Steel Horse Bar & Grill, 596 F. Supp. 2d 1282, 1285 (D.

15  Ariz. 2009) ("[A]llegations against multiple and unrelated defendants for acts of

16  patent, trademark, and copyright infringement do not support joinder under Rule

17  20(a)." ).

18      Many other district courts have reached the same conclusion. See, e.g., Spread

19  Spectrum Screening, LLC v. Eastman Kodak Co., 2010 U.S. Dist. LEXIS 90549 *6

20  (N.D. Ill. Sept. 1, 2010) ("joinder is often improper where two competing businesses

21  have allegedly infringed the same patent by selling different products"); Androphy v.

22  Smith & Nephew, Inc., 31 F. Supp.2d 620 (N.D. Ill. 1998) (joining manufacturers of

23  separate companies who independently made separate products accused of infringing

24  the same patent was improper); New Jersey Mach. Inc. v. Alford Ind. Inc., 1991 U.S.

25  Dist. LEXIS 20376 *4, 5(D.N.J. 1991) ("[i]nfringement of the same patent by

26  different machines and parties does not constitute the same transaction or occurrence

27  to justify joinder of the new defendants."); Multi-Tech Sys. v. Net2Phone, Inc., 2000

28  U.S. Dist. LEXIS 22683 (D. Minn. 2000) ("In the patent infringement context, courts

1  sever defendants that are 'separate companies that independently design, manufacture
2  and sell different products in competition with each other.'"); <u>Philips Elecs. N. Am.</u>
3  <u>Corp. v. Contec Corp.</u>, 220 F.R.D. 415, 416 (D. Del. 2004) ("Allegations of
4  infringement against two unrelated parties based on different acts do not arise from
5  the same transaction."); <u>Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch,</u>
6  <u>Pierce, Fenner & Smith, Inc.</u>, 564 F. Supp. 1358, 1370-71 (D. Del. 1983)
7  ("Allegations of infringement against two unrelated parties based on different acts do
8  not arise from the same transaction."); <u>Pergo, Inv. v. Alloc, Inc.</u>, 262 F. Supp. 2d 122,
9  128 (S.D.N.Y. 2003) ("[T]he fact that two parties may manufacture or sell similar
10  products, and that these sales or production may have infringed the identical patent
11  owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the
12  same lawsuit pursuant to Rule 20(a)"); <u>Siemens Aktiengesellschaft v. Sonotone Corp.</u>,
13  370 F. Supp. 970, 974 (N.D. Ill. 1973) ("[C]laims of infringement against unrelated
14  defendants involving different acts should be tried against each defendant
15  separately."); <u>see also</u> 8 Chisum on Patents § 21.03[6][a], at 21-579 – 580 (stating that
16  the "same transaction" test "will not be met when . . . the only basis for joinder is that
17  [the alleged infringers] are engaged in similar acts of infringement.").

18       The principle upon which all of these cases agree is that multiple defendants
19  who make and sell separate products are engaged in separate transactions and
20  occurrences and therefore cannot, without more, be joined in the same action under
21  Federal Rule 20(a)(2). Although Defendants, as active participants in the field of
22  electronic health records, have independently taken steps to have their products
23  certified as compliant with federal guidelines, Plaintiff nonetheless does not and
24  cannot allege any common transaction or occurrence. The "connection" asserted by
25  Plaintiff would represent a complete evisceration of the requirements of the Federal
26  Rules' joinder requirements, conceivably allowing parties to be joined merely if their
27  products were certified by any number of the dozens of state, federal, and private
28  rating and certifying bodies active in various industry spaces.

The Northern District <u>WiAV Networks</u> case is instructive in this regard. <u>WiAV Networks,</u> 2010 U.S. Dist. LEXIS 110957. In that case, the court considered and rejected an argument closely related to the one apparently previewed in this case by Medsquire. Plaintiff WiAV accused 68 defendants of infringing two patents. <u>Id</u>. at *13. As in the present case, the named defendants in WiAV were generally unrelated market participants. <u>Id</u>. Also, like the present case, WiAV did not allege that the defendants had acted in concert to infringe the asserted patents, and in fact, as here, many of the defendants were competitors. <u>Id</u>. WiAV argued that certain defendants should be grouped in a single action because the claims against them were "logically connected," and therefore such grouping would serve the interests of judicial efficiency. <u>Id</u>.

The court held that the manufacture and sale of competing products by competitors does not create a common transaction or occurrence, simply because a plaintiff alleges that such products are similar and infringe the same patent in similar ways. <u>Id</u>. at *19-20. Notably, the WiAV court decided that even in cases where the defendants' alleged infringement purportedly arises from a common industry standard, proof of infringement must be made on an individualized basis. <u>Id</u>. at *16. As the decision in WiAV illustrates, an allegation that accused products or parties are somehow "logically connected" does not necessarily mean that claims arise out of the same transaction or occurrence, as required by Federal Rule 20(a)(2). In the same way, in the present case, the fact that each named Defendant may be certified under the same federal guidelines is insufficient to support joinder.

## III.   ALLOWING PLAINTIFF TO JOIN THE ACCUSED DEFENDANTS IN ONE ACTION WOULD UNFAIRLY PREJUDICE THE DEFENDANTS.

In order to prove infringement, Medsquire must prove facts specific to each defendant, and each accused system, meeting all the elements of the asserted claim. In the present case, each Defendants' accused product is different from the others. As a result, if this case were to proceed as captioned, Plaintiff's case against each

Defendant will require a dedicated set of infringement contentions, each directed to a separate system operating in a different way. Additionally, any damages and willfulness cases will necessarily vary considerably. Indeed, all aspects of Plaintiff's case will need to be individualized, as each accused system is used by different users, purchased by different customers, for different prices, at different times, etc. Similarly, each Defendant's non-infringement case would be substantially different, the parallel presentation of which may be considerably complicated due to the likelihood that the several Defendants, competitors in industry, may have different defense strategies motivated by differing business and litigation concerns.

This scenario would make a manageable and fair trial as to any one Defendant difficult at best, and, at worst, would introduce a significant danger of prejudicial confusion by the fact-finder. See Philips, 220 F.R.D. at 418 (trying the parties together would cause a substantial risk of prejudice to one party were the jury to believe that the parties were linked.). Instead, each Defendant's right to fairly present its own defense should be guarded. Each defendant is entitled to present its own defense to the claim that its products infringe a patent. WiAV at *16. ("[T]he accused defendants – who will surely have competing interests and strategies – are also entitled to present their own individualized assaults on questions of non-infringement, invalidity, and claim construction.")  This right would be forfeited if they are all "thrown into a mass pit with others to suit plaintiff's convenience." Id. Underlying the decision in WiAV Networks was the right of the defendants to present "individualized assaults on question of non-infringement, invalidity and claim construction" and the fact that infringement issues, damages issues, willfulness issues, time frames, accused conduct, and discovery issues would likely vary from company to company.  Id. at *16. In the present case, dismissing Plaintiff's claims against all moving Defendants will further the interests of justice by avoiding the prejudice and confusion that may result from litigating claims against unrelated defendants in the same action.

## IV.   THE AMERICA INVENTS ACT SPECIFICALLY PROHIBITS THE JOINDER OF THE SEVERAL DEFENDANTS IN ONE ACTION.

On September 16, President Obama signed the America Invents Act into law, which legislation includes a provision explicitly prohibiting Plaintiff from joining all the named Defendants in one action. The new 35 U.S.C. § 299 makes the permissive joinder provisions of Rule 20 explicit with respect to patent cases:

> [P]arties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a). Additionally, the new statutory provision underscores the existing Rule 20 rule in providing an explicit proscriptive statement:

> For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

35 U.S.C. § 299(b). Thus, the clear congressional intent is that patent defendants not be joined merely based on an allegation of infringement of the same patent.

This new code provision became effective on September 16th, the day that the America Invents Act was signed into law by the President, see 35 U.S.C. § 299(e), and applies to all actions "commenced" after such date. Plaintiff filed its First Amended Complaint on September 23. According to General Order 10-07, a First Amended Complaint is an "initiating document."[1] As a result, the present action was

---

[1] Plaintiff failed to follow the proper procedure required for filing a "case initiating" document. See DI 81, Notice of Deficiency. A First Amended Complaint must be filed in the traditional manner rather than electronically. See G.O. 10-07, V. C.

commenced after the effective date of the new statutory joinder provision, and must comply therewith. Plainly, Plaintiff's complaint does not comply with the requirements of the Patent Act, and must be dismissed.

## V.    DISMISSAL OF ALL BUT ONE DEFENDANT IS THE PROPER REMEDY.

Once the Court concludes that misjoinder exists, it may dismiss without prejudice all the misjoined parties, so long as no substantial right will be prejudiced. <u>Coughlin v. Rogers</u>, 130 F.3d at 1350. Medsquire can offer no reason as to how or why it would be prejudiced in this action should the Court dismiss all misjoined Defendants. Since "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court," the interests of judicial economy and fairness demand dismissal of all improperly joined Defendants. <u>Id</u>. at 1351.

## VI.    CONCLUSION

Plaintiff's allegations against the several Defendants are insufficient to meet the standard required for joinder under Federal Rule of Civil Procedure 20(a). Plaintiff merely alleges that each Defendant infringes the same patent.  Plaintiff does not allege that Defendants' infringement involved the "same transaction, occurrence or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Plaintiff has not alleged that Defendants acted in concert or otherwise controlled or directed each other's conduct. Further, Plaintiff's attempt to join the several Defendants in this action violates the provisions of the new 35 U.S.C. § 299, which makes Rule 20's joinder provisions explicit in patent actions.

Plaintiff's pleading strategy therefore represents a classic case of misjoinder. In situations of misjoinder of parties, Fed. R. Civ. P. 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Defendants

_____

Defendants are not aware that Plaintiff has taken any steps to remedy this deficiency.

therefore respectfully request that the Court dismiss Plaintiff's complaint against all but one Defendant.

DATED:      October 21, 2011          Harry P. "Hap" Weitzel
                                      (*weitzelh@pepperlaw.com*)
                                      Jeffrey M. Goldman
                                      (*goldmanj@pepperlaw.com*)
                                      **PEPPER HAMILTON LLP**
                                      4 Park Plaza, Suite 1200
                                      Irvine, California  92614
                                      Telephone:  (949) 567-3500
                                      Facsimile:  (949) 863-0151

                                      Michael T. Renaud (*admitted pro hac vice*)
                                      (*renaudm@pepperlaw.com*)
                                      Noah Malgeri (*admitted pro hac vice*)
                                      (*malgerin@pepperlaw.com*)
                                      Anne M. Shyjan
                                      (*shyjana@pepperlaw.com*)
                                      **PEPPER HAMILTON LLP**
                                      15th Floor, Oliver Street Tower
                                      125 High Street
                                      Boston, Massachusetts  02110
                                      Telephone:  (617) 204-5100
                                      Facsimile:  (617) 204-5150




                                      By    */s/Jeffrey M. Goldman*
                                           Jeffrey M. Goldman
                                      Attorneys for Defendant NEXTGEN
                                      HEALTHCARE SYSTEMS, INC.

DATED:      October 21, 2011           D. James Pak
                                       (*d.james.pak@bakermckenzie.com*)
                                       **BAKER & MCKENZIE LLP**
                                       12544 High Bluff Drive, Third Floor
                                       San Diego, CA  92130
                                       Telephone:  (858) 523-6227
                                       Facsimile:  (858) 259-8290


                                       By_____*/s/D. James Pak*_____
                                            D. James Pak
                                       Attorneys for Defendant QUEST
                                       DIAGNOSTICS INCORPORATED


DATED:      October 21, 2011           Nancy Sher Cohen
                                       (*ncohen@proskauer.com*)
                                       Baldassare Vinti
                                       (*bvinti@proskauer.com*)
                                       Colin Cabral
                                       (*ccabral proskauer.com*)
                                       **PROSKAUER ROSE LLP**
                                       2049 Century Park East, 2nd Floor
                                       Los Angeles, CA  90067
                                       Telephone:  (310) 284-5655
                                       Facsimile:  (310) 557-2193


                                       By_____*/s/Baldassare Vinti*_____
                                            Baldassare Vinti
                                       Attorneys for Defendant HENRY SCHEIN
                                       MEDICAL SYSTEMS, INC.

DATED:      October 21, 2011

David A. Segal
(*DSegal@gibsondunn.com*)
Jeffrey T. Thomas
(*JTThomas@gibsondunn.com*)
Casey McCracken
(*CMcCracken@gibsondunn.com*)
**GIBSON, DUNN & CRUTCHER LLP**
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  (949) 451-3967
Facsimile:  (949) 475-4670


By____/s/Jeffrey T. Thomas_____
        Jeffrey T. Thomas
Attorneys for Defendant HEWLETT-PACKARD COMPANY


DATED:      October 21, 2011

John W. Amberg
(*jwamberg@bryancave.com*)
Keith Aurzada
(*keith.aurzada@bryancave.com*)
Shelly C. Gopaul
(*shelly.gopaul@bryancave.com*)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, CA  90401-2386


By_____/s/John W. Amberg_____
        John W. Amberg
Attorneys for Defendant and
Counterclaimant eClinicalWorks, LLC

DATED:      October 21, 2011

Scott D. Baker (SBN 84923)
(*sbaker@reedsmith.com*)
**REED SMITH llp**
101 Second Street, Suite 1800
San Francisco, California  94105-3659
Telephone:  (415) 543-8700
Facsimile:  (415) 391-8269

Katherine W. Insogna (SBN 266326)
kinsogna@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  +1 213 457 8000
Facsimile:   +1 213 457 8080

Kirsten R. Rydstrom
(*admitted pro hac vice*)
(*krydstrom@reedsmith.com*)
Kevin S. Katona
(*admitted pro hac vice*)
(*kkatona@reedsmith.com*)
**REED SMITH LLP**
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222-2716
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063
By_____*/s/Kevin S. Katona*_____
        Kevin S. Katona
Attorneys for Defendant MED3000, INC.

DATED:      October 21, 2011

Michael Harris
(*mharris@socalip.com*)
Mark A. Goldstein
(*mgoldstein@socalip.com*)
M. Kala Sarvaiya
(*ksarvaiya@socalip.com*)
**SOCAL IP LAW GROUP LLP**
310 N. Westlake Blvd., Suite 120
Westlake Village, CA  91362-3788
Telephone:  (805) 230-1350
Facsimile:  (805) 230-1355


By_____ */s/Michael Harris*_____
          Michael Harris
Attorneys for Defendant COMPULINK
BUSINESS SYSTEMS, INC.

DATED:      October 21, 2011

Randall S. Leff
(*rleff@ecjlaw.com*)
Russell M. Selmont
(*rselmont@ecjlaw.com*)
**ERVIN COHEN & JESSUP, LLP**
9401 Wilshire Boulevard, 9th Floor
Beverly Hills, CA  90212
Telephone:  (310) 273-6333
Facsimile:  (310) 859-2325

Kenneth W. Biermacher (*pro hac vice*)
(*kbiermacher@krcl.com*)
Kevin P. Perkins (*pro hac vice*)
(*kperkins@krcl.com*)
**KANE RUSSELL COLEMAN & LOGAN
PC**
1601 Elm Street, Suite 3700
Dallas, TX  75201
Telephone:  (214) 777-4200
Facsimile:  (214) 777-4299


By_____ */s/Kevin P. Perkins*_____
          Kevin P. Perkins
Attorneys for Defendant
*Aprima Medical Software, Inc.*

DATED:      October 21, 2011

John M. Adams
(*paip.law@verizon.net*)
**PRICE & ADAMS, P.C.**
4135 Brownsville Road
Pittsburgh, PA  15227
Telephone:  (412) 882-7170
Facsimile:  (412) 884-6650


By_____*/s/John M. Adams*_____
John M. Adams
Attorneys for Defendant
*Navinet, Inc.*

DATED:      October 21, 2011

Gerald B. Hrycyszyn
(*ghrycyszyn@wolfgreenfield.com*)
Michael A. Albert (*pro hac vice*)
(*malbert@wolfgreenfield.com*)
Hunter D. Keeton (*pro hac vice*)
(*hkeeton@wolfgreenfield.com*)
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, MA  02210-2206
Telephone:  (617) 646-8000
Facsimile:  (617) 646-8646

Attorneys for Defendant
*athenahealth, Inc.*