Michael D. Harris, Cal. Bar No. 59,470
mharris@socalip.com
Mark A. Goldstein, Cal. Bar No. 175,318
mgoldstein@socalip.com
M. Kala Sarvaiya, Cal. Bar No. 238,453
ksarvaiya@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Defendant Compulink Business Systems, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Medsquire, LLC<br>　　　Plaintiff,<br>　　v.<br>Spring Medical Systems, Inc., et al.,<br>　　　Defendants.<br>And Related Counterclaims | No. 2:11-cv-04504-JHN (PLAx)<br>Answer of Defendant Compulink Business Systems, Inc. to Second Amended Complaint<br>Jury Trial Demand<br>Judge Nguyen |

Defendant Compulink Business Systems, Inc. (Compulink) responds to the second amended complaint as follows:

1. Compulink has insufficient knowledge to admit or deny the allegations of paragraph 1 of the second amended complaint. On those grounds, it denies the allegations.

2. Compulink has insufficient knowledge to admit or deny the allegations of paragraphs 2 through 9 of the second amended complaint. On those grounds, it denies the allegations.

3. Compulink admits the allegations of paragraph 10 of the second amended complaint except that Compulink's registered agent is Link Wilson.

4.   Compulink has insufficient knowledge to admit or deny the allegations of paragraphs 11 and 12 of the second amended complaint. On those grounds, it denies the allegations.

5.   Compulink denies the allegation of paragraph 13 of the second amended complaint that defendants committed acts of patent infringement but it admits that plaintiff seeks damages

6.   Compulink admits the allegations of paragraph 14 of the second amended complaint.

7.   Compulink admits the allegations of paragraph 15 of the second amended complaint as it applies to Compulink only. It has no knowledge concerning the allegation against the other defendants.

8.   Compulink admits the allegations of paragraph 16 of the second amended complaint as it applies to Compulink only. It has no knowledge concerning the allegation against the other defendants.

9.   Compulink has insufficient knowledge to admit or deny the allegations of paragraph 17 of the second amended complaint. On those grounds, it denies the allegations. However, Compulink admits that Exhibit A is a true copy of the '526 patent.

10.  Compulink has insufficient knowledge to admit or deny the allegations of paragraph 18 of the second amended complaint. On those grounds, it denies the allegations. However, it admits that Smokoff, Marlin and Uhrig are the named inventors and admits that the dates are accurate.

11.  Compulink denies the allegations of paragraph 19 of the second amended complaint.

12.  Compulink denies the allegations of paragraph 20 of the second amended complaint.

13. Compulink denies the allegations of paragraph 21 of the second amended complaint. However, it admits that 45 C.F.R. Part 170 contains rules to qualify certain software.

14. Compulink admits the allegations of paragraph 22 of the second amended complaint.

15. Compulink admits the allegations of paragraph 23 of the second amended complaint.

16. Compulink denies the allegations of paragraph 24 of the second amended complaint.

17. Compulink admits that ASTM describes a Hierarchy Document as alleged in paragraph 25 of the second amended complaint. Compulink denies the remaining allegations.

18. Compulink denies the allegations of paragraph 26 of the second amended complaint.

19. Compulink denies the allegations of paragraph 27 of the second amended complaint.

20. Compulink denies the allegations of paragraph 28 of the second amended complaint.

21. Compulink denies the allegations of paragraph 29 of the second amended complaint.

22. Compulink denies the allegations of paragraph 30 of the second amended complaint.

23. Compulink is not required to respond to the allegations in paragraphs 31 through 111 of the second amended complaint.

24. Compulink denies the allegations of paragraph 112 of the second amended complaint.

25. Compulink admits the allegations of paragraph 113 of the second amended complaint that the named system is ONC compliant. Compulink denies the remaining allegations.

26. Compulink denies the allegations of paragraph 114 of the second amended complaint.

27. Compulink denies the allegations of paragraph 115 of the second amended complaint.

28. Compulink denies the allegations of paragraph 116 of the second amended complaint.

29. Compulink denies all allegations of paragraph 117 of the second amended complaint except as follows. Compulink admits that the named system has passed test procedures established for various sections of 45 C.F.R. § 170, including §§ 170.304(e) and 170.302(a).

30. Compulink admits the allegations of paragraph 118 of the second amended complaint that the named system is capable of being programmed. It denies the remaining allegations.

31. Compulink denies the allegations of paragraph 119 of the second amended complaint.

32. Compulink denies the allegations of paragraph 120 of the second amended complaint.

33. Compulink denies the allegations of paragraph 121 of the second amended complaint.

34. Compulink is not required to respond to the allegations in paragraphs 121 through 152 of the second amended complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

35. Compulink does not infringe and has not infringed any valid claim of the '526 patent.

### SECOND AFFIRMATIVE DEFENSE

36. Prosecution history estoppel bars Medsquire from contending claim constructions that could cause infringement by Compulink of any claim of the '526 patent.

### THIRD AFFIRMATIVE DEFENSE

37. Each claim of the '526 patent is invalid at least under 35 U.S.C. §§ 101, 102, 103 or 112.

### FOURTH AFFIRMATIVE DEFENSE

38. Any Medsquire claim to damages occurring before Medsquire filed this suit is barred by 35 U.S.C. § 287.

### FIFTH AFFIRMATIVE DEFENSE

39. Any Medsquire claim to damages from Compulink is barred by laches, acquiescence or estoppel.

## REQUESTED RELIEF

WHEREFORE, Compulink requests judgment as follows:

40. Dismissing Medsquire's second amended complaint against Compulink, with prejudice;

41. Holding Compulink has not infringed and is not infringing upon any of the claims of the '526 Patent;

42. Holding each claim of the '526 Patent is invalid;

43. Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Compulink its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

44. Awarding to Compulink such other and further relief as the court may deem just and proper under the circumstances.

November 8, 2011         s/ *Michael Harris*
                         Michael D. Harris
                         SoCal IP Law Group LLP
                         Attorneys for Compulink Business Systems, Inc.

## JURY DEMAND

Compulink demands a trial by jury on all issues triable to a jury.

November 8, 2011         s/ *Michael Harris*
                         Michael D. Harris
                         SoCal IP Law Group LLP
                         Attorneys for Compulink Business Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2011, I served the foregoing document "Answer of Defendant Compulink Business Systems, Inc. to Second Amended Complaint" to attorneys for all parties by email using their email address from the Case Management/Electronic Case Filing ("CM/ECF") system.

November 8, 2011         s/ *Michael Harris*
                         Michael D. Harris