GERALD B. HRYCYSZYN (SBN 227814)
  ghrycyszyn@wolfgreenfield.com
MICHAEL A. ALBERT (*pro hac vice* to be filed)
  malbert@wolfgreenfield.com
HUNTER D. KEETON (*pro hac vice* to be filed)
  hkeeton@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Tel: 617-646-8000
Fax: 617-646-8646

Attorneys for Defendant
ATHENAHEALTH, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MEDSQUIRE, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>QUEST DIAGNOSTICS, INC.; NEXTGEN HEALTHCARE INFORMATION SYSTEMS, INC.; HENRY SCHEIN MEDICAL SYSTEMS, INC.; HEWLETT-PACKARD COMPANY; APRIMA MEDICAL SOFTWARE, INC.; eCLINICALWORKS, LLC; MED3000, INC.; PULSE SYSTEMS, INC.; COMPULINK BUSINESS SYSTEMS, INC.; NAVINET, INC.; and athenaHEALTH, INC.,<br><br>　　　　Defendants. | CASE NO. CV11-04504 JHN (PLAx)<br><br>**DEFENDANT ATHENAHEALTH, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant, athenahealth, Inc. ("athenahealth"), files this Answer to Plaintiff, Medsquire, LLC's ("Medsquire") Second Amended Complaint for Patent Infringement (Docket No. 111) as follows:

**THE PARTIES**

1. Is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

2. Is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

3. Is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

4. Is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

5. Is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

6. Is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

7. Is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

8. Is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

9. Is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

10. Is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

11. Is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

12. Admits.

## NATURE OF THE ACTION

13. Admits that the Second Amended Complaint purports to assert claims against athenahealth on the bases listed. Otherwise denies.

## JURISDICTION AND VENUE

14. Admits.

15. Admits that athenahealth has conducted certain business within the state of California and this judicial district. Otherwise denies.

16. Admits that this Court has personal jurisdiction over athenahealth. Otherwise is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

## FACTS COMMON TO EACH CLAIM FOR RELIEF

17. Admits that attached as Exhibit A to the Second Amended Complaint is a copy of U.S. Patent No. 5,682,826 (the "'526 patent"), titled "Method and System for Flexibly Organizing, Recording, and Displaying Medical Patient Care Information Using Fields in a Flowsheet." Otherwise is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

18. Admits that the '526 patent lists on its face as inventors Timothy L. Smokoff, Tom Marlin, and Herbert J. Uhrig, lists SpaceLabs Medical, Inc. as its assignee, lists its date of filing as July 20, 1995, and states that it issued on October 28, 1997. Otherwise is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

19. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denies.

20. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denies.

21. Admits.

22. Admits.

23. Admits.

24. This paragraph states legal conclusions to which no response is required. To the extent a response is required, admits that CCD and CCR are defined as content exchange standards in 45 C.F.R. § 170.205.  Otherwise denies.

25. This paragraph states legal conclusions to which no response is required. To the extent a response is required, admits that ASTM E2369 is a standard specification for CCR.  Otherwise denies.

26. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denies.

27. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denies.

28. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denies.

29. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denies.

30. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denies.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR DIRECT INFRINGEMENT OF U.S. PATENT NO. 5,682,526

31. Athenahealth incorporates its responses to Paragraphs 1-30 above.

*Direct Infringement by Other Defendants*

32.-131. As to all of these Paragraphs, athenahealth is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

*Direct Infringement by Defendant Athenahealth*

132. Denies.

133. Admits that at least certain versions of the athenaClinicals system are ONC compliant.  Otherwise denies.

134. Denies.

1  135. Denies.

2  136. Denies.

3  137. Admits that at least certain versions of the athenaClinicals system have passed test procedures established for various sections of 45 C.F.R. § 170, including § 170.304(e) (Clinical Decision Support), 170.302(a) (drug-drug, drug-allergy), and 170.302(b) (formulary checks). Otherwise denies.

7  138. Admits that a user of at least certain versions of the athenaClinicals system is able to input certain information into the system. Otherwise denies.

9  139. Denies.

10  140. Admits that at least certain versions of the athenaClinicals system comply with ONC's meaningful use requirements for drug-drug interactions, allergy-drug interactions, and clinical support decisions. Otherwise denies.

13  141. Denies.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT HP FOR INDIRECTLY INFRINGING U.S. PATENT NO. 5,682,526

16  142. Athenahealth incorporates its responses to Paragraphs 1-141 above.

17  143.-147. As to all of these Paragraphs, athenahealth is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT HP FOR CONTRIBUTING TO THE INFRINGEMENT OF U.S. PATENT NO. 5,682,526

22  148. Athenahealth incorporates its responses to Paragraphs 1-147 above.

23  149.-152. As to all of these Paragraphs, athenahealth is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies.

## PRAYER FOR RELIEF

27  1.-7. These Paragraphs do not contain factual allegations that admit of a responsive pleading.

## AFFIRMATIVE DEFENSES

1. One or more of Medsquire's counts fails to state a claim upon which relief can be granted.

2. Medsquire's Second Amended Complaint should be dismissed for misjoinder.

3. Laches bars Medsquire's claims against athenahealth.

4. Athenahealth does not infringe the '526 patent.

5. Claims of the '526 patent are invalid under 35 U.S.C. § 101, *et seq.*

6. Venue as to athenahealth is more convenient and appropriate in another district.

Athenahealth requests that the Second Amended Complaint be dismissed with prejudice and that it be awarded its costs and attorneys' fees under 35 U.S.C. § 285 or other law.

Dated: November 8, 2011  Respectfully submitted,

WOLF, GREENFIELD & SACKS, P.C.

By: /s/ Gerald B. Hrycyszyn
    Gerald B. Hrycyszyn
    Michael A. Albert
    Hunter D. Keeton

Attorneys for Defendant
ATHENAHEALTH, INC.

**DEMAND FOR JURY TRIAL**

Athenahealth demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure for all issues so triable.

Dated: November 8, 2011

Respectfully submitted,

WOLF, GREENFIELD & SACKS, P.C.

By: /s/ Gerald B. Hrycyszyn
Gerald B. Hrycyszyn
Michael A. Albert
Hunter D. Keeton

Attorneys for Defendant
ATHENAHEALTH, INC.