Nancy Sher Cohen (SBN 81706)
ncohen@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile:  (310) 557-2193

Bruce E. Fader (admitted *pro hac vice*)
bfader@proskauer.com
Baldassare Vinti (admitted *pro hac vice*)
bvinti@proskauer.com
Colin Cabral (admitted *pro hac vice*)
ccabral@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile:  (212) 969-2900

Attorneys for Defendant
HENRY SCHEIN MEDICAL SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEDSQUIRE, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SPRING MEDICAL SYSTEMS, INC.; QUEST DIAGNOSTICS, INC.; NEXTGEN HEALTHCARE INFORMATION SYSTEMS, INC.; HENRY SCHEIN MEDICAL SYSTEMS, INC.; HEWLETT-PACKARD COMPANY; APRIMA MEDICAL SOFTWARE, INC.; eCLINCALWORKS, LLC; MED3000, INC.; PULSE SYSTEMS, INC.; COMPULINK BUSINESS SYSTEMS, INC.; NEXTECH SYSTEMS, INC.; NAVINET, INC.; successEHS, INC.; athenaHEALTH, INC.<br><br>*Defendants*. | Case No. 11-cv-04504-JHN (PLAx)<br><br>**HENRY SCHEIN MEDICAL SYSTEMS, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Before: Hon. Jacqueline H. Nguyen<br><br>**JURY TRIAL DEMANDED** |

Defendant Henry Schein Medical Systems, Inc. ("Henry Schein"), by and through its undersigned counsel, hereby sets forth its Answer to Plaintiff's Second Amended Complaint for Patent Infringement ("SAC").

## THE PARTIES[1]

1. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the SAC and therefore denies them.

2. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the SAC and therefore denies them.

3. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the SAC and therefore denies them.

4. Admitted.

5. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the SAC and therefore denies them.

6. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the SAC and therefore denies them.

7. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the SAC and therefore denies them.

8. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the SAC and therefore denies them.

9. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the SAC and therefore denies them.

10. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the SAC and therefore denies them.

---

[1] Henry Schein's Answer adopts the headings used by Medsquire in the Second Amended Complaint. Henry Schein's use of Medsquire's headings should not be taken as an admission that the headings accurately characterize Medsquire's allegations.

11. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the SAC and therefore denies them.

12. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the SAC and therefore denies them.

## NATURE OF THE ACTION

13. Henry Schein denies that Plaintiff has any viable claim for patent infringement arising under the patent laws of the United States.

## JURISDICTION AND VENUE

14. The allegations in Paragraph 14 are legal conclusions that require no admission or denial.

15. Henry Schein admits it conducts business in California and in this District. Henry Schein denies the remaining allegations of Paragraph 15 as applicable to Henry Schein. Henry Schein lacks knowledge or information sufficient to form a belief as to the business activities of the other named defendants.

16. Henry Schein admits it conducts business in California and in this District. Henry Schein denies the remaining allegations of Paragraph 16 as applicable to Henry Schein. Henry Schein lacks knowledge or information sufficient to form a belief as to the business activities of the other named defendants.

## FACTS COMMON TO EACH CLAIM FOR RELIEF

17. Paragraph 17 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Henry Schein admits that the document attached as Exhibit A to the SAC appears to be a copy of the '526 Patent, entitled "Method and System for Flexibly Organizing, Recording, and Displaying Medical Patient Care Information Using Fields in a Flowsheet." Henry Schein is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17.

3

1   18.     Paragraph 18 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Henry Schein admits that according to Exhibit A, (a) the '526 Patent names Timothy L. Smokoff, Tom Marlin, and Herbert J. Uhrig as inventors; (b) the application resulting in the '526 patent was filed on July 20, 1995; (c) the '526 patent was issued on October 28, 1997; and (d) the '526 patent names SpaceLabs Medical, Inc. as an assignee. Henry Schein is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18.

19.     Paragraph 19 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Henry Schein admits that the Abstract of the '526 states, in part: "A method and system for flexibly organizing, recording, and displaying medical patient care information is provided.  In a preferred embodiment, a patient information management facility enables users to customize a patient information hierarchy, which defines and organizes the information that may be stored about each patient, as well as patient data flowsheets, which define views in which the patent data stored according to the hierarchy may be entered and viewed, in a way that is optimized for the structure and procedures of the particular health care organization." Henry Schein denies the remaining allegations of paragraph 19.

20.     Paragraph 20 of the SAC appears to be Plaintiff's purported claim construction of the claims of the '526 patent and therefore states legal conclusions to which no response is required.  To the extent a response is required, Henry Schein denies the allegations of paragraph 20.

21.     Paragraph 21 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Henry Schein admits that the Office of the National Coordinator (ONC) of the U.S. Department of Health and Human Services (HHS) issued a Final Rule to qualify HER technology for the American Recovery and Reinvestment Act (ARRA); rules governing ONC certification are available in 45 C.F.R. Part 170; and ONC has approved certain organizations as an Authorized Testing and Certification Body ("ATCB").  Henry Schein is

4

HENRY SCHEIN'S ANSWER
Case No. 11-CV-4504

1 without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

2. 22. Paragraph 22 of the SAC states legal conclusions to which no response is required.

23. Paragraph 23 of the SAC states legal conclusions to which no response is required.

24. Paragraph 24 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Henry Schein denies the allegations of paragraph 24 as stated.

25. Paragraph 25 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Henry Schein admits only that ASTM E2369 is a standard specification for CCR. As to the remainder of the allegations in Paragraph 25, Henry Schein denies the allegations of Paragraph 27 as stated.

26. Paragraph 26 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Henry Schein is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27. Paragraph 27 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Henry Schein is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28. Paragraph 28 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Henry Schein denies the allegations of paragraph 28.

29. Paragraph 29 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Henry Schein denies the allegations of paragraph 29.

30. Paragraph 30 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Henry Schein denies the allegations of paragraph 30.

**FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 5, 682,526**

31. Henry Schein restates and incorporates by reference its responses to paragraphs 1-30 of the SAC as if fully set forth herein.

*Direct Infringement by Defendant Quest*

32. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the SAC and therefore denies them.

33. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the SAC and therefore denies them.

34. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the SAC and therefore denies them.

35. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the SAC and therefore denies them.

36. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the SAC and therefore denies them.

37. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the SAC and therefore denies them.

38. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the SAC and therefore denies them.

39. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the SAC and therefore denies them.

40. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the SAC and therefore denies them.

41. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the SAC and therefore denies them.

*Direct Infringement by NextGen*

42. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the SAC and therefore denies them.

43. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the SAC and therefore denies them.

HENRY SCHEIN'S ANSWER
Case No. 11-CV-4504

44. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the SAC and therefore denies them.

45. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the SAC and therefore denies them.

46. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the SAC and therefore denies them.

47. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the SAC and therefore denies them.

48. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the SAC and therefore denies them.

49. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the SAC and therefore denies them.

50. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the SAC and therefore denies them.

51. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the SAC and therefore denies them.

***Direct Infringement by Henry Schein Medical***

52. Denied.

53. Henry Schein admits only that the MicroMD EMR system is ONC compliant but denies the remainder of the allegations of paragraph 53 of the SAC as stated.

54. Denied.

55. Denied.

56. Denied.

57. Henry Schein admits that it complies with 45 CFR Sections 170.304(e) and 170.302(a), but denies the remaining allegations of paragraph 57 as stated.

58. Henry Schein admits that the MicroMD EMR EHR system is capable of being programmed. Henry Schein denies the remaining allegations of paragraph 58.

59. Denied.

60. Denied

61. Denied.

***Direct Infringement by Defendant HP, Aprima, eClinicalWorks, Med3000, Pulse, Compulink, Navinet, and athenaHEALTH***

62. Henry Schein lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 62-152 and therefore denies them.

## AFFIRMATIVE DEFENSES

63. Henry Schein asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise rest with Plaintiff.

## FIRST DEFENSE
## (FAILURE TO STATE A CLAIM)

64. Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE
## (NON-INFRINGEMENT)

65. Henry Schein and its customers have not infringed, directly or indirectly, or willfully infringed any valid and enforceable claim of U.S. Patent No. 5,682,526 ("the '526 Patent"), either literally or under the doctrine of equivalents.

## THIRD DEFENSE
## (INVALIDITY)

66. The claims of '526 Patent are invalid, void, and/or unenforceable for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including, without limitation, one or more of §§ 101, 102, 103, and/or 112.

8

HENRY SCHEIN'S ANSWER
Case No. 11-CV-4504

**FOURTH DEFENSE**

**(PATENTABILITY)**

67.  The claims of the '526 Patent are invalid for failure to satisfy 35 U.S.C. § 101, as the alleged invention is an unpatentable abstract idea.  The alleged invention is not tied to a particular machine or apparatus, and does not transform a particular article into a different state or thing.

**FIFTH DEFENSE**

**(PROSECUTION HISTORY ESTOPPEL)**

68.  The claims of the '526 Patent are limited by the text of the patent, the prosecution history, and/or the prior art so that Plaintiff is estopped, or otherwise precluded, from asserting that any claim is infringed by Henry Schein literally or by equivalents.

**SIXTH DEFENSE**

**(LACHES, ESTOPPEL, ACQUIESENCE, OR WAIVER)**

69.  Plaintiff's claims are barred by the doctrine of laches, estoppel, acquiescence and/or waiver.

**SEVENTH DEFENSE**

**(UNCLEAN HANDS)**

70.  The '526 Patent is unenforceable by reason of Plaintiff's unclean hands and/or patent misuse in attempting to enforce the '526 Patent in bad faith, knowing that the '526 Patent is invalid, unenforceable, and/or not infringed by Henry Schein, contrary to the laws of the United States.

**EIGHTH DEFENSE**

**(LIMITATIONS ON DAMAGES)**

71.  Plaintiff's claim for damages, if any, against Henry Schein and its customers is statutorily limited by 35 U.S.C. § 287.

## NINTH DEFENSE

## (LACK OF STANDING)

72. Plaintiff does not have standing to bring an action of the '526 Patent under the Patent Laws of the United States.

## **PRAYER FOR RELIEF**

WHEREFORE, Henry Schein requests the entry of judgment in its favor on the SAC and prays that the Court:

(a) declare that Henry Schein has not infringed any claim of the '526 Patent, either literally or under the doctrine of equivalents;

(b) declare that Henry Schein has not willfully infringed any claim of the '526 Patent;

(c) declare that the '526 Patent is invalid, void, and/or unenforceable;

(d) enjoin and restrain Plaintiff and those persons in active concert or participation with Plaintiff from further charges of infringement or acts of enforcement based upon the '526 Patent against Henry Schein, its actual and prospective customers, suppliers, and anyone else in privity with Henry Schein;

(e) enter judgment against Plaintiff and in favor of Henry Schein and dismiss the SAC in its entirety with prejudice;

(f) declare that Plaintiff take nothing by reason of its claims against Henry Schein;

(g) conclude that this case is exceptional and award Henry Schein its reasonable attorneys' fees under 35 U.S.C. § 285, together with the costs and disbursements of this action; and

(h) award such other and further relief as the Court deems just and proper.

|   |   |
|---|---|
| 1 | |
| 2 | Respectfully submitted, |
| 3 | /s/ Nancy Sher Cohen |

Nancy Sher Cohen (SBN 81706)
ncohen@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile:  (310) 557-2193

Bruce Fader (admitted *pro hac vice*)
Baldassare Vinti (admitted *pro hac vice*)
Colin G. Cabral (admitted *pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Telephone:   212-969-3000
Facsimile:    212-969-2900
jshalek@proskauer.com
bvinti@proskauer.com
ccabral@proskauer.com

*Attorneys for Defendant Henry Schein Medical Systems, Inc..*

11

HENRY SCHEIN'S ANSWER
Case No. 11-CV-4504

## JURY DEMAND

Defendant Henry Schein Medical Systems, Inc. hereby demands a jury trial on all claims, counterclaims, defenses, and other issues so triable by the maximum number of jurors allowed by law.

Respectfully submitted,

/s/ Nancy Sher Cohen
Nancy Sher Cohen (SBN 81706)
ncohen@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile:  (310) 557-2193


Bruce Fader (admitted *pro hac vice*)
Baldassare Vinti (admitted *pro hac vice*)
Colin G. Cabral (admitted *pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Telephone:   212-969-3000
Facsimile:     212-969-2900
jshalek@proskauer.com
bvinti@proskauer.com
ccabral@proskauer.com

*Attorneys for Defendant  Henry Schein Medical Systems, Inc..*

HENRY SCHEIN'S ANSWER
Case No. 11-CV-4504

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and accurate copy of the foregoing to be served upon all parties to this action by operation of the Court's CM/ECF system on this 8th day of November, 2011.

/s/ Nancy Sher Cohen
Nancy Sher Cohen