D. James Pak (SBN 194331)
**BAKER & MCKENZIE LLP**
12544 High Bluff Drive, Third Floor
San Diego, CA 92130-3051
Telephone: +1 858 523 6200
Facsimile: +1 858 259 8290
D.James.Pak@bakermckenzie.com

Attorneys for Defendant
QUEST DIAGNOSTICS INCORPORATED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MEDSQUIRE, LLC<br><br>            Plaintiff,<br><br>vs.<br><br>SPRING MEDICAL SYSTEMS, INC.; QUEST DIAGNOSTICS, INC.; NEXTGEN HEALTHCARE INFORMATION SYSTEMS, INC.; HENRY SCHEIN MEDICAL SYSTEMS, INC.; HEWLETT-PACKARD COMPANY; APRIMA MEDICAL SOFTWARE, INC.; eCLINICALWORKS, LLC; MED3000, INC.; PULSE SYSTEMS, INC.; COMPULINK BUSINESS SYSTEMS, INC.; NEXTECH SYSTEMS, INC.; NAVINET, INC.; successEHS, INC.; athenaHEALTH, INC.<br><br>            Defendants. | **Case No. CV11-4504-JHN (PLAx)**<br><br>**DEFENDANT QUEST DIAGNOSTICS INCORPORATED'S ANSWER TO THE SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Hon. Jacqueline H. Nguyen |

1

Defendant Quest Diagnostics Incorporated ("Quest"), for its Answer to the Second Amended Complaint ("SAC") for Patent Infringement brought by Plaintiff Medsquire LLC ("Medsquire"), hereby states as follows:

## THE PARTIES[1]

1. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Quest admits the allegations of paragraph 2.

3. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

---

[1] Quest's Answer adopts the headings used by Medsquire in the Second Amended Complaint. Quest's use of Medsquire's headings should not be taken as an admission that the headings accurately characterize Medsquire's allegations.

2

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

12. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

## NATURE OF THE ACTION

13. Quest admits that Plaintiff purports to seek damages for alleged patent infringement under the Patent Act of the United States, 35 U.S.C. §§ 1. Quest denies the remaining allegations of paragraph 13 as applicable to Quest. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they relate to other Defendants.

## JURISDICTION AND VENUE

14. Quest admits the allegations of paragraph 14.

15. Quest admits that Quest conducts business activities in this judicial district. Quest denies the remaining allegations of paragraph 15 as applicable to Quest. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 as they relate to other Defendants.

16. Quest admits that this Court has personal jurisdiction over it and that Quest conducts business in California. Quest denies the remaining allegations of paragraph 16 as applicable to Quest. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 as they relate to other Defendants.

## FACTS COMMON TO EACH CLAIM FOR RELIEF

17. Paragraph 17 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Quest admits that the document attached as Exhibit A to the SAC appears to be a copy of the '526 Patent, entitled "Method and System for Flexibly Organizing, Recording, and Displaying Medical

3

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Patient Care Information Using Fields in a Flowsheet." Quest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17.

18.     Paragraph 18 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Quest admits that according to Exhibit A, (a) the '526 Patent names Timothy L. Smokoff, Tom Marlin, and Herbert J. Uhrig as inventors; (b) the application resulting in the '526 patent was filed on July 20, 1995; (c) the '526 patent was issued on October 28, 1997; and (d) the '526 patent names SpaceLabs Medical, Inc. as an assignee. Quest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18.

19.     Paragraph 19 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Quest admits that the Abstract of the '526 states, in part: "A method and system for flexibly organizing, recording, and displaying medical patient care information is provided. In a preferred embodiment, a patient information management facility enables users to customize a patient information hierarchy, which defines and organizes the information that may be stored about each patient, as well as patient data flowsheets, which define views in which the patent data stored according to the hierarchy may be entered and viewed, in a way that is optimized for the structure and procedures of the particular health care organization." Quest denies the remaining allegations of paragraph 19.

20.     Paragraph 20 of the SAC appears to be Plaintiff's purported claim construction of the claims of the '526 patent and therefore states legal conclusions to which no response is required. To the extent a response is required, Quest denies the allegations of paragraph 20.

21.     Paragraph 21 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Quest admits that the Office of the

4

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

National Coordinator (ONC) of the U.S. Department of Health and Human Services (HHS) issued a Final Rule to qualify HER technology for the American Recovery and Reinvestment Act (ARRA); rules governing ONC certification are available in 45 C.F.R. Part 170; and ONC has approved certain organizations as an Authorized Testing and Certification Body ("ATCB").  Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. Paragraph 22 of the SAC states legal conclusions to which no response is required.  To the extent a response is required, Quest admits the allegations of paragraph 22.

23. Paragraph 23 of the SAC states legal conclusions to which no response is required.  To the extent a response is required, Quest admits the allegations of paragraph 23.

24. Paragraph 24 of the SAC states legal conclusions to which no response is required.  To the extent a response is required, Quest denies the allegations of paragraph 24 as stated.

25. Paragraph 25 of the SAC states legal conclusions to which no response is required.  To the extent a response is required, Quest admits only that ASTM E2369 is a standard specification for CCR.  As to the remainder of the allegations in Paragraph 25, Quest denies the allegations of Paragraph 27 as stated.

26. Paragraph 26 of the SAC states legal conclusions to which no response is required.  To the extent a response is required, Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. Paragraph 27 of the SAC states legal conclusions to which no response is required.  To the extent a response is required, Quest denies that the claims of the '527 patent do not require any particular form of linking. Quest is without knowledge or

5

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1  information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27.

2.  28. Paragraph 28 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Quest denies the allegations of paragraph 28.

29. Paragraph 29 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Quest denies the allegations of paragraph 29.

30. Paragraph 30 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Quest denies the allegations of paragraph 30.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR DIRECT INFRINGEMENT OF U.S. PATENT NO. 5,682,526

31. Quest incorporates herein by reference the answers set forth in paragraph 1-30 of this Answer as though fully set forth herein.

*Direct Infringement by Defendant Quest*

32. Quest denies the allegations of paragraph 32.

33. Quest admits only that the Care360 system is ONC compliant but denies the remainder of the allegations of paragraph 33 of the SAC as stated.

34. Paragraph 34 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Quest denies the allegations of paragraph 34.

35. Paragraph 35 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Quest denies the allegations of paragraph 35.

36. Paragraph 36 of the SAC states legal conclusions to which no response is

6

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

required. To the extent a response is required, Quest denies the allegations of paragraph 36.

37. Quest admits that it complies with 45 CFR Sections 170.304(e) and 170.302(a), but denies the remaining allegations of paragraph 37 as stated.

38. Quest denies the allegations of paragraph 38 as stated.

39. Paragraph 39 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Quest denies the allegations of paragraph 39.

40. Paragraph 40 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Quest denies the allegations of paragraph 40.

41. Paragraph 41 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Quest denies the allegations of paragraph 41.

***Direct Infringement by Defendants NextGen, Henry Schein Medical, HP, Aprima, eClinicalWorks, Med3000, Pulse, Compulink, Navinet, and athenaHEALTH***

42.-141. Quest is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraphs 42-141.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT HP FOR INDIRECTLY INFRINGING U.S. PATENT NO. 5,682,526**

142. Quest incorporates herein by reference the answers set forth in paragraphs 1-141 of this Answer as though fully set forth herein.

143.-147. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 143-147.

7

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT HP FOR CONTRIBUTING TO THE INFRINGEMENT OF U.S. PATENT NO. 5,682,526

148. Quest incorporates herein by reference the answers set forth in paragraphs 1-147 of this Answer as though fully set forth herein.

149.-152. Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 149-152.

### PRAYER FOR RELIEF

WHEREFORE, Quest respectfully requests judgment be entered in its name and against the Plaintiff, together with costs and fees under 35 U.S.C. §285.

### AFFIRMATIVE DEFENSES

By way of further defenses, Quest asserts the following, which apply to each and every claim asserted against Quest in the Second Amended Complaint. By virtue of alleging these further defenses, Quest does not assume any burden of proof, persuasion or production not otherwise legally assigned to it.

### FIRST AFFIRMATIVE DEFENSE
**(Invalidity of the '526 Patent)**

The claims of the '526 Patent are invalid under 35 U.S.C. §§101, 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE
**(Non-infringement of the '526 Patent)**

Quest has not infringed any valid claim of the '526 Patent as alleged.

8

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

On information and belief, the Plaintiff's alleged entitlement to damages that accrued before the filing of this case is barred, in whole or in part, by laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

On information and belief, the Plaintiff's alleged causes of action are barred, in whole or in part, by estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Second Amended Complaint fails to state facts sufficient to state a claim upon which relief can be granted and/or sufficient to constitute a cause of action against Quest.

Dated:        November 8, 2011              Respectfully Submitted,

BAKER & McKENZIE LLP


/s/ D. James Pak
D. James Pak
Attorney for Defendant QUEST
DIAGNOSTICS INCORPORATED

9

Case No. CV11-4504-JHN (PLAx)
DEFENDANT QUEST DIAGNOSTICS, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

# **JURY DEMAND**

Quest respectfully demands a jury trial on all issues and claims so triable.

Dated: November 8, 2011       Respectfully Submitted,

BAKER & McKENZIE LLP


/s/ D. James Pak
D. James Pak
Attorney for Defendant QUEST DIAGNOSTICS, INC.