MORRIS POLICH & PURDY LLP
Matthew L. Marshall
mmarshall@mpplaw.com
Derek A. Simpson
dsimpson@mmpplaw.com
1055 W. Seventh Street, 24th Floor
Los Angeles CA 90017
(213) 417-5106
(213) 488-1178 (facsimile)

EVANS & DIXON, LLC
Don V. Kelly (*pro hac vice*)
dkelly@evans-dixon.com
Metropolitan Square
211 N. Broadway, Suite 2500
Saint Louis, Missouri 63102
(314) 621-7755
(314) 621-3136 (facsimile)
Attorneys for Defendant, Pulse Systems, Inc.

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDSQUIRE, LLC<br><br>Plaintiff,<br>v.<br><br>SPRING MEDICAL SYSTEMS, INC. et al.,<br><br>Defendants<br><br>eCLINICAL WORKS, LLC et al.<br><br>Counterclaimants,<br>v.<br><br>MEDSQUIRE, LLC,<br>Counterdefendant. | Case No.: CV11-4504-JHN (PLAx)<br><br>**COUNTERCLAIM OF DEFENDANT PULSE SYSTEMS, INC. AGAINST PLAINTIFF/COUNTERDEFENDANT MEDSQUIRE, LLC**<br><br>**JURY TRIAL DEMANDED** |

## COUNTERCLAIM

Defendant Pulse Systems, Inc.'s (hereinafter "Pulse") for its Counterclaim against Plaintiff/Counterdefendant Medsquire, LLC (hereinafter "Medsquire") states as follows:

## THE PARTIES

1. Pulse is incorporated in Kansas with its principal place of business in Wichita, Kansas.

2. Upon Plaintiff's allegation, Medsquire, LLC is a limited liability company duly organized and existing under the laws of the State of California with its principle place of business at 225 S. Lake Avenue, Suite 300, Pasadena, California 91101.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, § 2201, *et seq.*

4. This Court has jurisdiction over Pulse's counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

# COUNT I

## Declaratory Judgment of Non-Infringement of the '526 Patent

6. Pulse incorporates by reference, as though expressly stated herein, the allegations set forth in paragraphs 1-5 of its Counterclaim.

7. Medsquire has alleged that Pulse has been and is now directly infringing the '526 patent in the State of California, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling or offering to sell one or more products that practice one or more claims of the '526 patent to the injury of Medsquire. Pulse denies these allegations.

8. An actual case and justiciable –controversy exists between Pulse and Medsquire as to the infringement and validity of the '526 patent.

9. Pulse is not infringing and has not infringed, either by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '526 patent.

10. Pulse requests a declaration that it has not infringed either directly or indirectly by contributory infringement or induced infringement, any valid or enforceable claim of the '526 patent.

## COUNT II

### Declaratory Judgment of Invalidity of the '526 Patent

11.     Pulse incorporates by reference, as though expressly stated herein, the allegations set forth in paragraphs 1-10 of its Counterclaim.

12.     On information and belief, one or more claims of the '526 patent are invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

13.     Pulse requests a declaration that one or more claims of the '526 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Pulse prays for judgment in favor of Pulse and against Medsquire as follows:

A.     Declaring that Pulse has not infringed by direct infringement, contributory infringement or induced infringement, any valid and enforceable claim of the '526 patent;

B.     Declaring that one or more claims of the '526 patent are invalid;

C.     Dismissing the Second Amended Complaint with prejudice;

D.     Declaring this to be an exceptional case and awarding to Pulse its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

E.     Awarding to Pulse such other relief, legal or equitable, to which Pulse may be entitled, or any other relief that this court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pulse hereby demands a jury trial on all issues so triable.

Dated: <u>November 8, 2011</u>                 Respectfully submitted,

                                              MORRIS, POLICH & PURDY, LLP

                                      By:    /s/Matthew L. Marshall
                                              Matthew L. Marshall
                                              mmarshall@mpplaw.com
                                              Derek A. Simpson
                                              dsimpson@mmpplaw.com
                                              1055 W. Seventh Street, 24th Floor
                                              Los Angeles, CA 90017
                                              213-417-5106
                                              213-488-1178 (fax)


                                              EVANS & DIXON, LLC
                                              Don V. Kelly (#16769)
                                              dkelly@evans-dixon.com
                                              211 N. Broadway, Suite 2500
                                              Saint Louis, MO 63102
                                              314-552-4066
                                              314-884-4466 (fax)

PULSE'S COUNTERCLAIM AGAINST MEDSQUIRE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served upon all parties to this action by operation of the Court's CM/ECF system on this 8th day of November, 2011.

/s/Matthew L. Marshall