MCKOOL SMITH HENNIGAN, P.C.
RODERICK G. DORMAN (SBN 96908)
rdorman@mckoolsmithhennigan.com
LAWRENCE M. HADLEY (SBN 157728)
lhadley@mckoolsmithhennigan.com
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
(213) 694-1200 - Telephone
(213) 694-1234 - Facsimile

Attorneys for Plaintiff MEDSQUIRE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDSQUIRE, LLC<br><br>Plaintiff,<br><br>vs.<br><br>SPRING MEDICAL SYSTEMS, INC.; QUEST DIAGNOSTICS, INC.; NEXTGEN HEALTHCARE INFORMATION SYSTEMS, INC.; HENRY SCHEIN MEDICAL SYSTEMS, INC.; HEWLETT-PACKARD COMPANY; APRIMA MEDICAL SOFTWARE, INC.; eCLINICALWORKS, LLC; MED3000, INC.; PULSE SYSTEMS, INC.; COMPULINK BUSINESS SYSTEMS, INC.; NEXTECH SYSTEMS, INC.; NAVINET, INC.; successEHS, INC.; athenaHEALTH, INC.<br><br>Defendants. | Case No. CV11-4504-JHN (PLAx)<br><br>**OPPOSITION TO JOINT MOTION TO DISMISS FOR MISJOINDER**<br><br>Date:        December 5, 2011<br>Time:        2:00 p.m.<br>Courtroom:   790<br><br>Hon. Jacqueline H. Nguyen |

CV11-4504-JHN (PLAx)   OPPOSITION TO MOTION TO DISMISS
1775677.1

**Table of Contents**

**Page**

I.   INTRODUCTION ..................................................................................................... 1

II.  THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY DEFENDANTS' MOTION ............................................................................. 2

III. MEDSQUIRE DID NOT IMPROPERLY JOIN DEFENDANTS IN THIS ACTION ................................................................................................... 4

IV.  THE NEW JOINDER PROVISONS IN THE AMERCIA INVENTS ACT ARE INAPPLICABLE ....................................................................... 8

V.   EVEN IF DEFENDANTS WERE IMPROPERLY JOINED, THE PROPER REMEDY IS SEVERACE AND CONSOLIDATION, NOT DISMISSAL ................................................................................................... 9

# Table of Authorities

**Page**

**Cases**

*Celanese Corp. of America v. Vandalia Warehouse Corp.*,
424 F.2d 1176 (7th Cir. Ill. 1970) .................................................................. 3

*Coughlin v. Rogers*,
130 F.3d 1348 (9th Cir. 1997) ......................................................................... 5

*Fritz v. American Home Shield Corp.*,
751 F.2d 1152 (11th Cir. 1985) ....................................................................... 3

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010) ....................................................................... 5

*Mymail, Ltd. v. Am. Online, Inc.*,
223 FRD 455 (E.D. Tex 2004) ........................................................................ 6

*Sprint Communications Co., L.P. v. Theglobe.com, Inc.*,
233 F.R.D. 615 (D. Kan. 2006) ....................................................................... 7

*United States v. Wyoming Nat. Bank of Casper*,
505 F.2d 1064 (10th Cir. 1974) ....................................................................... 2

**Cases**

*Celanese Corp. of America v. Vandalia Warehouse Corp.*,
424 F.2d 1176 (7th Cir. Ill. 1970) .................................................................. 3

*Coughlin v. Rogers*,
130 F.3d 1348 (9th Cir. 1997) ......................................................................... 5

*Fritz v. American Home Shield Corp.*,
751 F.2d 1152 (11th Cir. 1985) ....................................................................... 3

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010) ....................................................................... 5

*Mymail, Ltd. v. Am. Online, Inc.*,
223 FRD 455 (E.D. Tex 2004) ........................................................................ 6

*Sprint Communications Co., L.P. v. Theglobe.com, Inc.*,
233 F.R.D. 615 (D. Kan. 2006) ....................................................................... 7

# Table of Authorities (Cont.)

**Page**

*United States v. Wyoming Nat. Bank of Casper*,
　505 F.2d 1064 (10th Cir. 1974) ............................................................................... 2

**Other Authorities**

45 C.F.R. Part 170 ...................................................................................................... 4

**Rules**

C.D. Cal. Local Rule 3-2 ............................................................................................ 9

Fed. R. Civ. P. 20 ................................................................................................ passim

Fed. R. Civ. P. 20(a)(2) ............................................................................................... 4

Fed. R. Civ. P. 20(a)(2)(A) ......................................................................................... 4

Fed. R. Civ. P. 3 .......................................................................................................... 8

Fed. R. Civ. P. 42(a) ............................................................................................... 3, 9

Fed. R. Civ. P. 42(b) ............................................................................................... 3, 7

## I. INTRODUCTION

After more than six months of litigation, Defendants ask this Court to dismiss without prejudice all Defendants but one based on an alleged misjoinder. Defendants' motion should be denied.

First, even if Defendants were improperly joined, this Court has discretion to allow the case to go forward as is. At this point, with a pretrial schedule set and discovery well underway, reshuffling parties into separate cases would present a procedural mess, which would end up accomplishing nothing. Indeed, even if each Defendant were in a separate case, the cases could be consolidated – with the parties ending up as they sit now. In other words, the considerable waste of party and judicial resources that Defendants seek would accomplish nothing except separate trials, which this Court can order anyway without dropping or dismissing parties. Moreover, the waste that would result from granting Defendants' motion would be made worse by Defendants' unexplained six-month delay in raising the joinder issue.

Second, Defendants are not misjoined. Medsquire's compliant alleges a common transaction or occurrence. Specifically, Medsquire alleges that each Defendant infringes by making and selling software that complies with a federal standard published in the Code of Federal Regulations. This common basis for infringement easily qualifies as a basis for a proper joinder of Defendants under Fed. R. Civ. P. 20.

Third, no Defendant can point any particularized prejudice that would occur to it should this case continue jointly for pretrial discovery and trial.

Fourth, the changes to Rule 20 in the America Invents Act does not apply to this case. Those changes only apply to actions "commenced" after September 16, 2011. Medsquire commenced this action last May, and the filing of amended complaints does not result in the action being "commenced" anew.

Finally, even if this Court finds that Defendants have been misjoined, and elects to exercise its discretion to remedy the misjoinder, the most efficient remedy

would be to sever certain Defendants into separate actions, and to consolidate those actions with this case.

## II. THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY DEFENDANTS' MOTION

It is well settled that an alleged improper joinder under Fed. R. Civ. P. 20 falls within the broad discretion of the district court. *United States v. Wyoming Nat. Bank of Casper*, 505 F.2d 1064, 1067 (10th Cir. 1974). Given the Court's discretionary powers, this Court should consider the practical implications of Defendants' motion before considering the legal merits (or lack thereof).

This case is more than six months old. Medsquire filed the original complaint on May 25, 2011, and promptly served all defendants. On August 9, 2011, this Court entered an Order Re Jury Trial, setting a fact discovery cut-off of April 10, 2012, a motion hearing cut-off of June 18, 2012, a final pretrial conference of August 13, 2012, and a trial date of September 11, 2012. To meet this schedule, the parties have served written discovery, including document requests, and noticed depositions. Additionally, Magistrate Judge Abrams entered the parties' Protective Order covering confidential information.

Defendants' motion would have all parties but one start the process over again. If the Court dismissed without prejudice all parties but one, as Defendants request, Medsquire would be required to file nine new cases, each against a single Defendant. With each new action, Medsquire would file a Notice of Related case. In all likelihood, all cases would end up back before this Court. New Rule 26 conferences would need to be held, new case scheduling orders would need to be issued, new protective orders may need to be considered, and the discovery already served and answered would need to be repeated.

In the end, this duplicative expenditure of party and judicial resources would accomplish nothing except delay. After all the extra work, to prevent further duplication, this Court probably would consolidate the separate actions pursuant to

Fed. R. Civ. P. 42(a) for the purposes of discovery and pretrial hearings. While the existence of separate consolidated cases would provide each Defendant with a separate trial, this Court already has the ability to order separate trials for each Defendant joined in this action pursuant to Fed. R. Civ. P. 42(b). Thus, dismissing all Defendants but one would result in considerable attorney and judicial work to get this matter back to the procedural posture that it sits today.

Courts have denied requests to drop improperly joined parties when the moving party needlessly delays in making the request. *Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1154-55 (11th Cir. 1985); *Celanese Corp. of America v. Vandalia Warehouse Corp.*, 424 F.2d 1176, 1179 (7th Cir. Ill. 1970) ("'Misjoinder of parties is not ground for dismissal of an action.' The proper remedy is a ***timely*** motion to drop the improper party, and Vandalia therefore waived its objection to the continued presence of Celanese.") (citing *Crest Auto Supplies, Inc. v. Ero Mfg. Co.*, 360 F.2d 896, 898 (7th Cir. 1966); *Ziegler v. Akin*, 261 F.2d 88, 91 (10th Cir. 1958); *Meyercheck v. Givens*, 180 F.2d 221, 223 (7th Cir. 1950); 3A Moore's Federal Practice, ¶¶ 21.03, p. 2905 (1969)) (emphasis added).

Here, the amount of duplicative work needed to remedy a misjoinder would have been much less had Defendants filed their motion at the outset of this case. Rather than raising the Rule 20 joinder issue at the outset, Defendants waited more than six months to raise the joinder issue, and their motion offers no excuse for their delay.[1] Defendants all asked for extensions of time to respond to the initial complaint. When Defendant Quest responded by filing a motion to dismiss, and all other Defendants joined, not one Defendant raised the issue of improper joinder. Had the joinder issue been raised then, this Court could have directed Medsquire to file an

---

[1] Defendants' delay in this case is less than the delay at issue in the authorities cited above. The point, however, is not the length of the delay but rather the fact of the delay and the consequences to the effective and efficient resolution of the case that results.

amended complaint against each Defendant separately.  Because Defendants failed to timely raise misjoinder as an issue that warranted dismissal of all parties but one, this Court should exercise it discretion to deny Defendants' motion.

### III. MEDSQUIRE DID NOT IMPROPERLY JOIN DEFENDANTS IN THIS ACTION

Fed. R. Civ. P. 20(a)(2) provides that "[p]ersons . . . may be joined in one action as defendants if [¶] (A) . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [¶] (B) any question of law or fact common to add defendants will arise in the action." Defendants do not dispute that this action will involve many questions of fact and law common to all defendants.  Rather, defendants' misjoinder argument rests solely on an assertion that this action does not arise out of the same transaction or occurrence. Defendants are wrong.

First, Medsquire's Second Amended Complaint ("SAC") contains allegations, which must be accepted as true, demonstrating that Defendants' acts of infringement arise out of "the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2)(A).  In the SAC, Medsquire alleges that each Defendant infringes the '526 patent by programming their respective Electronic Health Record ("EHR") software products to comply with the same federal regulations.  These regulations, published at 45 C.F.R. Part 170, were developed by the Office of the National Coordinator (ONC) of the U.S. Department of Health and Human Services (HHS) to set standards for EHR software vendors.  Compliance with the ONC rules qualifies an EHR software vendor for federal funds under the American Recovery and Reinvestment Act (ARRA).  Medsquire further alleges that compliance with the ONC certification rules necessarily results in infringement of the '526 patent, and that the accused EHR software products created and sold by each Defendant complies with the ONC rules at 45 C.F.R. Part 170.  *See* SAC (Doc. 111) ¶¶ 18, 29-30, 33, 43, 53, 63, 73, 83, 93, 103, 113, 123, and 133.  Defendants' common

satisfaction of the ONC-published EHR standards will be part of Medsquire's infringement proof in this case, and a comparison of the asserted claims to the federal EHR standards may alone satisfy Medsquire's burden of proving infringement. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010) (holding that "if an accused product operates in accordance with a standard, then comparing the claims to that standard is the same as comparing the claims to the accused product."). Thus, Defendants' common satisfaction of the ONC EHR standards easily fits the same transaction or occurrence test for joinder under Rule 20.

Defendants argue that their submission of software for certification under the ONC rules amounts to independent "similar business decisions," which does not meet the same transaction or occurrence test. (Mot. at 4.) But characterizing as "business decisions" Defendants' common acts of seeking and obtaining ONC certification, which are central to Medsquire's infringement case, does not remove those common acts from the same transaction or occurrence test. To the contrary, Defendants' common satisfaction of the ONC EHR standards provides substantial similarity in the factual background for Medsquire's infringement claim against each Defendant – as the same transaction or occurrence test contemplates. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

Defendants' authorities are all inapposite. (Mot. at 4-6.) None of the cases involved allegations of infringement against multiple defendants based on the common satisfaction of a standard, which necessarily resulted in the infringement of a patent. Rather, each case involved claims of infringement against more than one defendant (two or three defendants in most of the cases) where the only commonality between defendants was an allegation that the Defendants infringed the same patent or patents. Thus, these cases provide no support for Defendants' motion.

Second, even without common infringement based on satisfaction of the same standard, courts have found defendants in patent cases properly joined where the infringement claims against all the defendants involved a common nucleus of

operative facts or law.  *See Mymail, Ltd. v. Am. Online, Inc.*, 223 FRD 455 (E.D. Tex 2004).  In *Mymail*, the district court exercised its discretion to deny a motion to sever patent infringement claims against multiple defendants under Fed. R. Civ. P. 21 because the logical relationship between the ways in which each defendant allegedly infringed the patent at issue sufficed for the same transaction or occurrence test in Rule 20:

> Transactions or occurrences satisfy the series of transactions or occurrences requirement of Rule 20(a) if there is some connection or logical relationship between the various transactions or occurrences.  *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex. 1993).  A logical relationship exists if there is some nucleus of operative facts or law. *Id*.  Neither side disputes that questions of law or fact common to all defendants will arise in this case.  The legal question as to the 290 patent's scope is common to all the defendants.  MyMail alleges that all defendants have infringed the 290 patent.  MyMail also alleges that the UOL Defendants have utilized shared resources, such as dial-up Internet access numbers, with the other defendants.

*Id*. at 456-457.

Besides finding that the joined defendants satisfied the same transaction or occurrence test, the district court further declined to sever or dismiss because:  (1) the prospect of inconsistent claim construction if the cases were severed favored resolving related patent cases in same forum, (2) besides the duplicative use of scarce judicial resources, multiple claim construction proceedings risked inconsistency, created greater uncertainty regarding patent's scope, and impeded administration of justice, and (3) duplicitous claim constructions, discovery, and pretrial motions if defendants were dropped or severed would have decreased judicial efficiency.  *Id*.

These factors equally apply in this case.

Further, courts have recognized that common affirmative defenses or counterclaims satisfy the same transaction or occurrence test.  *See Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617 (D. Kan. 2006) ("claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court.") (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653.).  Here, Defendants have all asserted identical affirmative defenses of patent invalidity, and many Defendants have asserted identical counterclaims for invalidity.  For each affirmative defense and counterclaim, the facts pertaining to whether the '526 patent is valid will center on the same transaction or occurrence.  For this reason alone, Rule 20 is satisfied.

Finally, Defendants argue that they would be prejudiced if this Court were to try Medsquire's infringement claims against each Defendant in a single, joint trial. (Mot. at 7-8.)  Yet Defendants only assert broad contentions of "fairness" without providing any details as to exactly how and why any particular Defendant would be prejudiced based on facts unique to that Defendant.  Indeed, the inability of any Defendant to point out facts unique to it demonstrate why joining them in a single case was proper.  This is especially true since much of Medsquire's infringement case will focus on explaining exactly how the federal ONC rules, which Defendants all meet, read on the claims of the '526 patent.  Further, courts around the country repeatedly have held trials against multiple defendants in patent cases without prejudicing individual rights, and Defendants can point to no instance where prejudice from a joint patent trial resulted.  In any event, if a Defendant can explain how proceeding in a joint trial would result in particularized prejudice against it, this Court can order a separate trial at the appropriate time under Fed. R. Civ. P. 42(b).

## IV. THE NEW JOINDER PROVISONS IN THE AMERCIA INVENTS ACT ARE INAPPLICABLE

Defendants argue that the amendments to Rule 20 for patent cases in the America Invents Act preclude joinder in this case. (Mot. at 9-10.) The amendments do not.

According to Defendants, the changes to Rule 20 show a "clear congressional intent . . . that patent defendants not be joined merely based on an allegation of infringement of the same patent." (Mot. at 9.) But Medsquire's complaint is not based on a "mere" allegation of infringement of the same patent. Rather, Medsquire alleges infringement based on the common satisfaction of a published standard. Further, the fact that Congress found it necessary to amend Rule 20 to limit the circumstances in which defendants can be joined in patent cases confirms that defendants in cases such as this can be joined under Rule 20 as it existed when Medsquire filed its complaint.

Defendants also argue that the amendments to Rule 20 apply in this case because Medsquire filed its Second Amended Complaint after the effective date for the Rule 20 amendments. But the changes to Rule 20 only apply to actions "commenced" after September 16, 2011, and Medsquire filed its complaint before then. Defendants assert that Medsquire actually "commenced" this action after September 16 because this Court's General Order 10-07 defines amended complaints as "initiating documents." Defendants confuse "initiating" with "commencing". They are different, and Defendants point to nothing that suggests an "initiating" document for purposes of this Court's local general order is a "commencing" document for purposes of the America Invents Act. To the contrary, the Federal Rules of Civil Procedure expressly state that an action is "commenced" by filing a complaint with the court. Fed. R. Civ. P. 3. Nothing in the Rules say that an action is "commenced" or "re-commenced" with the filing of amended complaints. In any event, this Court's General Order 10-07 deals with rules for electronic filings in this

1  Court.  In contrast, this Court's Local Rules *excludes* amended complaints from the
2  scope of "initiating" documents.  C.D. Cal. Local Rule 3-2.

3  **V.  EVEN IF DEFENDANTS WERE IMPROPERLY JOINED, THE**
4  **PROPER REMEDY IS SEVERACE AND CONSOLIDATION, NOT**
5  **DISMISSAL**

6  Federal Rule of Civil Procedure 21 states that "[m]isjoinder of parties is not a
7  ground for dismissing an action."  While Rule 21 allows for a court to drop a
8  misjoined party, Rule 21 also allows a court to sever a claim against a misjoined
9  party.  Fed. R. Civ. P. 21.  If this Court finds that Defendants have been misjoined,
10 and elects to exercise its discretion to remedy the misjoinder, this most efficient
11 remedy would be to sever all Defendants but one from this case, order Medsquire to
12 file separate cases against the severed Defendants, place the severed Defendants in the
13 separate cases, and consolidate those separate cases with this case under Rule 42(a).
14 Any other remedy would significantly waste both party and judicial resources.

16 DATED:     November 14, 2011          MCKOOL SMITH HENNIGAN, P.C.

19                                By     */S/ Lawrence M. Hadley*
                                           Lawrence M. Hadley

20                                Attorneys for Plaintiff, MEDSQUIRE LLC