UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   2:11-cv-04504-JHN-PLAx                    Date:  December 1, 2011
Title:      Medsquire LLC v. Quest Diagnostics, Inc. et al.

Present: The Honorable JACQUELINE H. NGUYEN

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:
          Not Present                                Not Present

**Proceedings: ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS ALL BUT ONE DEFENDANT FOR MISJOINDER**
(In Chambers)

The matter is before the Court on Defendants' Joint Motion to Dismiss All But One Defendant for Misjoinder, ("Motion"; Docket no. 107), filed on October 24, 2011.  The Court has read and considered the parties' pleadings and deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  Accordingly, the hearing set for December 5, 2011 is removed from the Court's calendar.  For the following reasons, Defendants' Motion is **GRANTED**.

I.  BACKGROUND

Plaintiff Medsquire, LLC, ("Plaintiff" or "Medsquire"), alleges that it is the exclusive patent holder of U.S. Patent Number 5,682,526, entitled "Method and System for Flexibly Organizing, Recording, and Displaying Medical Patient Care Information Using Fields in a Flowsheet." ("the '526 patent") (Second Amended Complaint ("SAC") at ¶ 17.)  The '526 patent intends to "enable users to customize a patient information hierarchy," which "defines and organizes the information that may be stored about each patient . . ." (*Id*. at ¶ 19.)

Plaintiff filed this patent infringement action against fourteen defendants[1] on May 25, 2011.  (Docket no. 1.)  Finding that Plaintiff failed to adhere to pleading

---

[1]  As of the date of this Order, ten defendants ("Defendants") remain.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   2:11-cv-04504-JHN-PLAx                                Date:  December 1, 2011

Title:       Medsquire LLC v. Quest Diagnostics, Inc. et al.

requirements, this Court granted Defendants' Motion to Dismiss the Complaint with leave to amend on August 31, 2011.  (Docket no. 79.)  Plaintiff filed a First Amended Complaint on September 21, 2011.  (Docket no. 80.)  Plaintiff subsequently agreed to dismiss all claims of indirect infringement against Defendants, and this Court entered an order granting that stipulation on October 12, 2011.  (Docket no. 103.)  Plaintiff filed a Second Amended Complaint ("SAC") on October 25, 2011.  (Docket no. 111).

Defendants jointly filed the instant Motion on October 24, 2011, (docket no. 107), arguing that Plaintiff cannot satisfy the requirements for permissive joinder under Federal Rule of Civil Procedure 20(a) and that the proper remedy is dismissal of Plaintiff's claims as to all but one defendant under Federal Rule of Civil Procedure 21.  (Mot. at 1.)  Plaintiff filed an Opposition (docket no. 135), and Defendants filed a Reply.  (Docket no. 138.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 20(a), multiple defendants may be joined in one action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a) (emphasis added).  "Both the 'same transaction' test and the 'common question' test must be met for joinder to be proper."  *Joao Control & Monitoring Sys. of Cal. V. Acti Corp. Inc.*, No. 10-01909, 2011 WL 1519277 at *1 (C.D. Cal. Apr. 19, 2011).

"In patent infringement actions, claims against multiple defendants for independent acts of infringement generally do not constitute 'the same transaction or occurrence' under Rule 20."  *Cadence Design Systems, Inc. v. OEA Intern., Inc.*, No. 11-0713, 2011 WL 4403619 at *2 (N.D. Cal. Sept. 20, 2011).

If joinder is improper, Federal Rule of Civil Procedure 21 empowers the court to dismiss any misjoined party or sever the claims brought against it.  Fed. R. Civ. P. 21; *Joao*, 2011 WL 1519277 at *1.

## III.   DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.  2:11-cv-04504-JHN-PLAx                    Date:  December 1, 2011
Title:    Medsquire LLC v. Quest Diagnostics, Inc. et al.

### A. "Common Transaction Test"

The first prong of the Rule 20(a)(2) test for permissive joinder, the "same transaction" requirement, "refers to the similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Where a patent infringement case contains allegations against multiple infringers on the same patent, "the 'same transaction' test is met when the multiple alleged infringers *acted in concert* with each other when they produced, sold, or distributed the same allegedly infringing device." *Joao*, No. 10-01909, 2011 WL 1519277 at *1 (emphasis added). The test is *not* satisfied, however, where joinder is based solely on allegations that each defendant has infringed the patent or patents in the case.[2] *See, e.g., Cadence Design*, 2011 WL 4403619 at *2; *WiAV Networks, LLC v. 3Com Corp.*, No. 10-03448, 2010 WL 3895047 at *3 (N.D. Cal. Oct. 1, 2010). In *WiAV Networks, LLC*, the Court noted that "numerous courts have found that joinder is often improper where multiple competing businesses have allegedly infringed the same patent by selling different products." *WiAV Networks, LLC,* 2010 WL 3895047 at *3. In such cases, "the accused defendants—who will surely have competing interests and strategies—are also entitled to present individualized

---

[2] 35 U.S.C. § 299, recently enacted as part of the America Invents Act, explicitly provides that in patent cases, "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(a). The provision is not retroactive, applying only to actions "commenced" after September 16, 2011. *See* 35 U.S.C. § 299(e). The parties disagree as to whether Plaintiff's original Complaint, (filed on May 25, 2011 (docket no. 1)), or the First Amended Complaint, (filed on October 25, 2011 (docket no. 111)), constitutes the "commencement" of the present action for purposes of the Act. However, this Court need not determine whether the Act applies in this case. Section 299(a) "effectively codifies current law as it has been applied everywhere outside of the Eastern District of Texas," 157 Cong. Rec. S5429 (daily ed. Sept. 8, 2011), and this Court's analysis would remain the same whether or not this case falls within the ambit of § 299(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.   2:11-cv-04504-JHN-PLAx | Date:  December 1, 2011 |
| Title:   Medsquire LLC v. Quest Diagnostics, Inc. et al. | |

assaults on questions of non-infringement, invalidity, and claim construction." *WiAV Networks*, *LLC*, 2010 WL 3895047 at *2. Here, Plaintiff does not allege that any of the Defendants acted in concert with each other in infringing Plaintiff's patent. Rather, it is undisputed that Defendants are "separate companies, which make and sell separate, competing products." (Mot. at 1.) Therefore, Defendants share no common transaction or occurrence.

Plaintiff argues that each Defendant makes and sells software that complies with a federal standard, and that compliance with that standard necessarily entails infringement of the '526 patent. (Opp'n at 4.) Thus, Plaintiff contends, the "common transaction" prong is satisfied because its burden of proof with regard to each Defendant will be satisfied with identical evidence of standard compliance.

However, in *WiAV Networks, LLC*, the Court dismissed a nearly identical argument of common compliance with a standard, explaining that "[d]ifferent accused devices may achieve compliance with an industry standard or protocol through varying designs, with different tolerances, and with competing features." *WiAV Networks, LLC*, No. 10-03448, 2010 WL 3895047 at *2. In that case, the Court relied heavily upon a recent Federal Circuit opinion recognizing that "in many instances, an industry standard does not provide the level of specificity required to establish that practicing that standard would always result in infringement." *Fujitsu Ltd. v. Netgear*, 620 F.3d 1321, 1327—28 (Fed. Cir. 2010). The Federal Circuit went on to hold that "only in situations where a properly construed patent covers every possible implementation of a standard will it be enough to prove infringement by showing standard compliance." *Id*. at 1328.

Here, Plaintiff has not established that the '526 patent covers every possible implementation of the federal standard. Consequently, as in *WiAV Networks, LLC*, "Plaintiff must prove that each accused product infringes, and each such endeavor will be worthy of its own trial." *WiAV Networks, LLC*, No. 10-03448, 2010 WL 3895047 at *2.

**B.  "Common Question Test"**

Because Plaintiff does not satisfy the "common transaction" test, the Court need not reach the "common question" test. *See* Fed. R. Civ. P. 20(a)(2); *Joao*,

---

CIVIL MINUTES—GENERAL                                                                 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.   2:11-cv-04504-JHN-PLAx | Date:  December 1, 2011 |
| Title:   Medsquire LLC v. Quest Diagnostics, Inc. et al. | |

No. 10-01909, 2011 WL 1519277 at *1 ("Both the 'same transaction' test and the 'common question' test must be met for joinder to be proper").

### C. Fairness

Plaintiff expresses concern that at this stage in the litigation, "reshuffling parties into separate cases would present a procedural mess," and argues that this Court should exercise its discretion to allow the case to go forward as is, particularly in light of Defendants "unexplained six-month delay" in raising the issue of joinder.  (Opp'n at 1—2.)  Because Plaintiff's claims against Defendants are not similar enough to satisfy the "same transaction" test, it is unlikely that the separate cases against each Defendant will be unduly duplicative.  In fact, it would certainly not serve the interests of fairness and judicial economy to allow Plaintiff to join multiple defendants where, as here, "proof of infringement would necessarily require proof of facts specific to each individual defendant and to each accused product."  *WiAV Networks, LLC*, 2010 WL 3895047 at *2.  Finally, Plaintiff admittedly provides no authority suggesting that the timing of Defendants' Motion was improper under the circumstances.  (Opp'n at 3, n. 1.)

### IV.   CONCLUSION

For the foregoing reasons, pursuant to a finding of misjoinder under Fed. R. Civ. P. 21, the Court **GRANTS** Defendants' Motion and **DISMISSES** the action **WITHOUT PREJUDICE** as to all except the first named defendant, Quest Diagnostics, Inc.

**IT IS SO ORDERED.**

| | |
|---|---|
| | ___: N/A |
| | Initials of Preparer    AM |